United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 28, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-30400
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MORRIS I. TAYLOR,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:04-CR-20052-1
--------------------

Before JONES, Chief Judge, and WIENER and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Morris I. Taylor appeals his sentence following a guilty plea to being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1). The presentence report (PSR) assigned Taylor a base offense level of 24. The PSR increased the base offense level by four because Taylor possessed the firearm in connection with another felony. The PSR noted that police officers responding to a complaint of drug activity found Taylor and three other persons standing outside the address identified in the complaint.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

When the officers asked for identification, Taylor fled and was apprehended after a chase. The officers discovered a revolver and a plastic bag containing an unspecified quantity of crack cocaine in Taylor's jacket pockets. A three-level downward adjustment for acceptance of responsibility resulted in a total offense level of 25. Based on Taylor's criminal history category of VI, the PSR calculated the sentencing range as 110 to 137 months of imprisonment, subject to the 120-month statutory maximum sentence provided in 18 U.S.C. § 922(g)(1).

Taylor objected that the increase in offense level based on his possession of the firearm in connection with another felony violated Blakely v. Washington, 542 U.S. 296 (2004), because he had not admitted that his possession of the firearm was related to possession of the crack cocaine. The district court granted the objection, which reduced Taylor's guidelines sentencing range to 77-to-96 months.

At sentencing, the district court stated that it had reviewed the entire record, had considered the Sentencing Guidelines, and had considered the sentencing factors set forth in 18 U.S.C. § 3553. The court cited the seriousness of the offense, the need to promote respect for the law, the need to provide just punishment for the offense, and the possibility of drug rehabilitation and further education as factors that warranted an increased sentence under § 3553. The district court cited Taylor's conduct in fleeing the scene as evidence that he had known that his possession of the

2

firearm was illegal. The court stated that Taylor's extensive criminal history required a harsh sentence. For these reasons, the district court sentenced Taylor to the statutory maximum term of 120 months in prison and ordered that Taylor complete a 500-hour substance abuse program offered by the Bureau of Prisons.

Taylor argues that the 120-month sentence is unreasonable because most of his prior convictions were low level drug offenses related to his substance abuse problems. Following United States v. Booker, 543 U.S. 220 (2005), this court reviews the application of the Sentencing Guidelines de novo. United States v. Smith, 440 F.3d 704, 706 (5th Cir. 2006). The court will accept the district court's factual findings unless they are clearly erroneous. Id. The court reviews the sentence imposed for reasonableness in light of the sentencing factors contained in § 3553(a). Id.

Under Smith, three different types of sentences are possible under advisory Sentencing Guidelines: a sentence within the properly calculated Guidelines range; a sentence that includes a departure allowed under the Guidelines; and, as was imposed in this case, a non-Guidelines sentence that is either higher or lower than the appropriate Guidelines range. Smith, 440 F.3d at 706-08. In imposing a non-Guidelines sentence, the district court is required to calculate the appropriate Guidelines range and use it as a frame of reference. Id. at 707-08. The district court must also thoroughly articulate its reasons for imposing the non-Guidelines

sentence and those reasons must be fact-specific and consistent with the § 3553(a) sentencing factors.  <u>Id.</u>

Taylor does not challenge the district court's determination of the appropriate Sentencing Guidelines range.  Accordingly, we will accept the range as appropriate.[1]  The record shows that the court considered the Guidelines range and noted that the range was advisory not mandatory.  As noted above, the record also shows that the district court was thorough and fact specific in its articulation of the factors warranting the increased sentence under 18 U.S.C. § 3553.  Taylor has not shown that the district court's imposition of the statutory maximum sentence was unreasonable. <u>Smith</u>, 404 F.3d at 708-10.

**AFFIRMED.**

---

[1]    This is not to be interpreted as a sanction of the district court's rejection of the four-level offense level increase simply because Taylor did not admit that he had possessed the firearm in relation to the possession of crack cocaine.  In post-<u>Booker</u> decisions, this court has continued to hold that it is the defendant's burden to show "that the information in the PSR relied on by the district court is materially untrue," <u>United States v. Betancourt</u>, 422 F.3d 240, 248 (5th Cir. 2005), and that, absent rebuttal evidence, the district court is entitled to rely on the facts stated in the PSR.  <u>United States v. De Jesus-Batres</u>, 410 F.3d 154, 164 (5th Cir. 2005), <u>cert. denied</u>, 126 S. Ct. 1020 (2006).