United States Court of Appeals
Fifth Circuit

**F I L E D**

June 30, 2006

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 05-10395
Summary Calendar

**UNITED STATES OF AMERICA,**

Plaintiff-Appellee,

versus

**EDWARD THOMAS DOLD,**

Defendant-Appellant.

**Appeal from the United States District Court
for the Northern District of Texas
(5:04-CR-91-ALL-C)**

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Edward Thomas Dold pleaded guilty to one charge of engaging in monetary transactions derived from unlawful activity. He was sentenced, *inter alia*, to serve 120 months in prison.

Dold claims the district court reversibly erred by upwardly departing at sentencing. Because he did not object in district court, we review only for plain error. *E.g.*, **United States v. Jones**, 444 F.3d 430, 433 (5th Cir. 2006). No authority need be

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

cited for the plain-error factors, one of which is "clear" or "obvious" error.

His contention that the decision to depart was based on improper factors lacks merit. The court gave extensive reasons for that decision, including the extreme psychological trauma caused to the victims of the offense and the sentencing factors listed in 18 U.S.C. § 3553(a). Its remarks at sentencing show the departure was based on valid grounds. *See* U.S.S.G. § 5K2.3; ***United States v. Mares***, 402 F.3d 511, 518-19 (5th Cir.), *cert. denied*, 126 S. Ct. 43 (2005).

Dold maintains his sentence is unreasonable because it differs from that given to another defendant fails. A similarly situated defendant's receiving a different sentence is insufficient to show Dold's sentence was unreasonable. *See* ***United States v. Smith***, 440 F.3d 704, 709 (5th Cir. 2006).

Dold's claim that the court did not give an adequate explanation for its choice of sentence and did not commit this explanation to paper is refuted by the record. *See* ***id***. at 707; *see also* ***United States v. Simkanin***, 420 F.3d 397, 416-17 (5th Cir. 2005), *cert. denied*, 126 S. Ct. 1911 (2006). And, contrary to Dold's assertions, the magnitude of the departure was *not* unreasonable. *See* ***United States v. Smith***, 417 F.3d 483, 492 (5th Cir.), *cert. denied*, 126 S. Ct. 713 (2005); ***Jones***, 444 F.3d at 433.

2

Dold has not shown error.  Therefore, he obviously fails to show the requisite plain error.

**AFFIRMED**