United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 13, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-50663
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LARRY RANDOLF DELANCEY,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:04-CR-238-ALL
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Larry Randolf Delancey appeals his life sentence following his jury-trial conviction for being a felon in possession of a firearm. Delancey argues that his life sentence was unreasonable and complains that the district court failed to provide reasons for imposing that particular sentence. Because Delancey did not object to the life sentence or the fact that the court upwardly departed, his arguments are reviewed for plain error. See United States v. Jones, 444 F.3d 430, 436 (5th Cir. 2006).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Pursuant to <u>Booker</u>, this court ultimately determines whether the sentence imposed under the advisory guidelines was reasonable. <u>United States v. Booker</u>, 543 U.S. 261-62 (2005); <u>United States v. Smith</u>, 440 F.3d 704, 706 (5th Cir. 2006). The sentencing court's factual findings related to sentencing are accepted unless clearly erroneous; the sentencing court's application of the Guidelines is reviewed de novo. <u>Smith</u>, 440 F.3d at 706.

In this case, the district court did not indicate that it was imposing sentence by departing upward from the guideline sentencing range or that the departure was one provided by the Guidelines. The sentence therefore was a "non-Guideline sentence." <u>Id.</u> at 708 & n.3.

In the event that the court imposes a non-guideline sentence, the "district court must more thoroughly articulate its reasons . . . than when it imposes a sentence under authority of the Sentencing Guidelines." <u>Id.</u> at 707. "Such reasons are essential to permit this court to review the sentence for reasonableness as directed by <u>Booker</u>." <u>United States v. Hardin</u>, 437 F.3d 463, 470-71 (5th Cir. 2006).

Here, the district court failed to state any reasons for the departure. Thus, this court cannot conduct a meaningful review of the sentence. Accordingly, the case is remanded to the district court for the limited purpose of assignment of reasons in accordance with <u>Smith</u> and <u>Hardin</u>. Following the district court's assignment of reasons, the case should be returned to

this court.  This court retains jurisdiction of the appeal during the pendency of the limited remand.  See Wheeler v. City of Columbus, 686 F.2d 1144, 1154 (5th Cir. 1982).

LIMITED REMAND.