**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**February 17, 2006**

**Charles R. Fulbruge III**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

————————————

No. 05-30313

————————————

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

                    v.

JAMOLD SMITH,

                              Defendant-Appellant.

————————————

Appeal from the United States District Court
for the Eastern District of Louisiana

————————————

Before REAVLEY, GARZA, and BENAVIDES, Circuit Judges.

BENAVIDES, Circuit Judge:

Smith challenges his non-Guideline sentence of sixty months imprisonment. He argues that the district court's sentence based on his criminal history and parole status was unreasonable under *United States v. Booker*, 125 S. Ct. 738 (2005). For the reasons set forth below, we find that the court's sentence was reasonable.

I.   F<small>ACTUAL</small> B<small>ACKGROUND AND</small> P<small>ROCEDURAL</small> H<small>ISTORY</small>

On February 11, 2004, two officers of the New Orleans Police Department were on patrol at the Guste Housing Development in New Orleans, Louisiana.  They observed Jamold Smith ("Smith") running toward them, holding what appeared to be a pistol.  After realizing that there were two police officers, Smith tossed the pistol and tried to flee.  The officers recovered the fully loaded firearm with its handle wrapped in tape.

On October 21, 2004, Smith was indicted on one count of illegal possession of a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2000). On December 15, 2004, Smith pleaded guilty to the indictment.  The district court, on March 16, 2005, sentenced him to sixty months imprisonment.  The court found the presentence report ("PSR") to be "accurate and uncontested" and adopted the Guideline range of twenty-one to twenty-seven months of imprisonment.

Based on its finding that the applicable range did not adequately reflect Smith's criminal history or parole status at the time of the crime, the district court deviated[1] from the Guidelines and sentenced Smith to sixty months imprisonment.  Specifically, the court found that the Guideline range did not adequately take

---

[1]    We use the terms "deviate" and "deviation" to describe a non-Guideline sentence, which is not the result of a Guidelines-authorized upward or downward departure.  In *United States v. Mares*, we adopted the phrase "non-Guideline sentence" to express this distinction.  402 F.3d 519 n.7 (5th Cir. 2005).

into account Smith's (1) release on parole less than one month before the offense, (2) three narcotics convictions, and (3) three juvenile convictions—theft at age nine, trespass at age twelve, and possession of crack cocaine at age fourteen. Smith objected to the sentence, claiming that it was unreasonable, and timely filed this appeal.

## II. STANDARD OF REVIEW

The district court's application of the Guidelines, even after *Booker*, is reviewed *de novo*. *See United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005).[2] This Court accepts findings of fact made in connection with sentencing unless clearly erroneous. *United States v. Creech*, 408 F.3d 264, 270 n.2 (5th Cir. 2005); *see United States v. Milton*, 147 F.3d 414, 421 (5th Cir. 1998).

Under *United States v. Booker*, we ultimately review a sentence for "unreasonableness." 125 S. Ct. at 765. Though flexible, the reasonableness standard is not unbounded. Both a district court's post-*Booker* sentencing discretion and the reasonableness inquiry on appeal must be guided by the sentencing considerations set forth in 18 U.S.C. § 3553(a). *Booker*, 125 S. Ct. at 766. Those factors

---

[2] Although the district court ultimately decided to impose a non-Guideline sentence in this case, it was still required to determine the Guideline range. *See* p. 5, *infra*. *Villegas*'s holding that we review Guideline interpretations *de novo* must apply here. Without a properly-calculated Guideline range, we cannot ensure that the disparity between Smith's sentence and the Guideline range is warranted.

include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed . . . medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for—
> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . ;
> (5) any pertinent policy statement . . . ;
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct . . . .

18 U.S.C. § 3553(a) (2000).

Our post-*Booker* case law has recognized three different types of sentences under the advisory Guidelines regime. First, a sentencing court may exercise its discretion to impose a sentence within a properly calculated Guidelines range. In such a situation, we will "infer that the judge has considered all the factors for a fair sentence . . . , and it will be rare for a reviewing court to say such a sentence is 'unreasonable.'" *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005). In *United States v. Alonzo*, this Court further clarified the deferential standard for reviewing sentences within a properly calculated Guideline range. 2006 U.S. App. LEXIS 447, at *7-9, ___ F.3d ___

4

(5th Cir. Jan. 9, 2005). *Alonzo* held that such a sentence is afforded a rebuttable presumption of reasonableness. *Id.* at *8.

Second, a sentencing court may impose a sentence that includes an upward or downward departure as allowed by the Guidelines. Because the court's authority to depart derives from the Guidelines themselves, a sentence supported by a departure is also a "Guideline sentence." *Mares*, 402 F.3d at 519 n.7. In evaluating both a decision to depart and the extent of the departure, we review for "abuse of discretion." *United States v. Saldana*, 427 F.3d 298, 308. In assessing the extent of a departure, we continue to look to our pre-*Booker* case law for guidance. *See id.* at 312; *United States v. Simkanin*, 420 F.3d 397, 419 (5th Cir. 2005); *United States v. Smith*, 417 F.3d 483, 492–93 (5th Cir. 2005).

The district court in the instant case elected a third option. After *Booker*, a court may impose a non-Guideline sentence—a sentence either higher or lower than the relevant Guideline sentence. Before imposing a non-Guideline sentence, however, the court must consider the Sentencing Guidelines. In light of this duty, "a district court is still *required* to calculate the guideline range and consider it advisory." *United States v. Angeles-Mendoza*, 407 F.3d 742, 746 (5th Cir. 2005) (emphasis in original). Consequently, if it decides to impose a non-Guideline sentence, the court should utilize the appropriate Guideline range as a "frame of reference." *See United States v. Fagans*, 406 F.3d

5

138, 141 (2d Cir. 2005); *United States v. Jackson*, 408 F.3d 301, 305 (6th Cir. 2005).

Additionally, the district court must more thoroughly articulate its reasons when it imposes a non-Guideline sentence than when it imposes a sentence under authority of the Sentencing Guidelines. *Mares*, 402 F.3d at 519. These reasons should be fact-specific and consistent with the sentencing factors enumerated in section 3553(a). *Id.* The farther a sentence varies from the applicable Guideline sentence, "the more compelling the justification based on factors in section 3553(a)" must be. *United States v. Dean*, 414 F.3d 725, 729 (7th Cir. 2005); *see Jackson*, 408 F.3d at 305. The court, however, need not engage in "robotic incantations that each statutory factor has been considered." *United States v. Lamoreaux*, 422 F.3d 750, 756 (8th Cir. 2005) (internal quotation marks omitted); *see United States v. Simpson*, __ F.3d __, 2005 WL 3370060, *7 (D.C. Cir. Dec. 13, 2005) (finding no requirement for the district court to "specifically refer to *each* [section 3553(a)] factor") (emphasis in original). Congress never intended sentencing "to become a hyper-technical exercise devoid of common sense." *United States v. Gonzales*, 250 F.3d 923, 930 (5th Cir. 2001). Thus, a checklist recitation of the section 3553(a) factors is neither necessary nor sufficient for a sentence to be reasonable. *See Dean*, 414 F.3d at 729.

The purpose of the district court's statement of reasons is to

enable the reviewing court to determine whether, as a matter of substance, the sentencing factors in section 3553(a) support the sentence. *United States v. Long Soldier*, __ F.3d __, 2005 WL 3501337, *2 (8th Cir. Dec. 23, 2005); *see Unites States v. McBride*, No. 04-4347, slip op. at 3, __ F.3d __ (6th Cir. Jan. 17, 2006) (holding that "a sentence should reflect the considerations listed in § 3553(a)"). We agree with the framework articulated by the Eighth Circuit in assessing the reasonableness of a court's statutory support. *See United States v. Haack*, 403 F.3d 997, 1004 (8th Cir. 2005). A non-Guideline sentence unreasonably fails to reflect the statutory sentencing factors where it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors. *See id.; Long Soldier*, __ F.3d at __, 2005 WL 3501337, *3 (applying the "*Haack* test for reasonableness" to a non-Guidelines sentence).

## III. Discussion

The court properly calculated the Guideline range sentence, and Smith does not object to that calculation. In addition, the court used the Guideline range as a frame of reference and carefully explained why it would impose a non-Guideline sentence:

> I've looked at your background. You have a 7th grade
> education, you're a convicted felon . . . . [T]he grip

7

of the gun was wrapped with tape. . . . You have three narcotics convictions . . . , you're on parole but you're on for less than a month when this occurred. You have three juvenile convictions which were not counted with respect to your criminal history. Accordingly, pursuant to the Sentencing Reform Act of 1984, I take into consideration not only the guidelines but the need to afford adequate deterrence for criminal conduct and need to protect the public from further crimes of you, it's the judgment of this court that you . . . be imprisoned for a term of 60 months . . . . Again, I state for the record that I go above the 27 months [Guideline range for the previously articulated reasons].

Accordingly, the court properly followed the procedure for imposing a non-Guideline sentence.[3] We turn now to whether the substance of the sentence reflects the section 3553(a) factors.

Smith makes three claims which fall under the second part of the *Haack* reasonableness test.[4] He contends that the decision to deviate from the Guideline range and the degree of variance[5] from

---

[3] We treat the sentence at issue here as a non-Guideline sentence. The court did not make reference to upwardly departing or utilizing an enhancement, nor did it refer to enhancement provisions of the Guidelines. Therefore, we do not examine whether an upward departure or an enhancement was available under the Guidelines.

[4] The court noted during sentencing that the butt of a revolver generally is taped to prevent law enforcement from discovering fingerprints. Smith does not challenge this finding, nor does he claim that the selected sentence gives weight to an improper factor.

[5] "While the mere fact that a . . . sentence exceeds by several times the guideline maximum is of no independent consequence in determining whether the sentence is reasonable, it may indicate the unreasonableness of the departure [or deviation] viewed against the court's justification for that departure [or deviation]." *United States v. Campbell*, 878 F.2d 164, 166 (5th Cir. 1989) (internal citation omitted); *see also Simkanin*, 420 F.3d at 397 ("[T]he mere fact that the upward departure nearly doubled the Guidelines range does not render it unreasonable"); *Saldana*, 427 F.3d at 298, 312 (noting that although the "district

8

that range is unreasonable because the selected sentence gave significant weight to improper factors.[6]  First, Smith argues that the court's reliance on his criminal history was improper. Specifically, he claims the court's statement that he had three narcotics-related convictions was misleading because Smith is a drug user, not a dealer.  In addition, Smith contends that the court could not rely on these convictions to deviate from the Guideline range as they already were accounted for in his Guideline criminal history.  Second, Smith argues that the court improperly cited his recent release on parole as a reason for deviation because the Guideline range adopted by the court accounted for his parole status.  Third, relying on *Roper v. Simmons*, 125 S. Ct. 1183 (2005), Smith claims his "relatively mild transgressions between the age of 9 and 14" should not have been relied upon by the court.

The sentence as imposed does not take into account an improper or irrelevant factor.  The court evaluated the "nature and circumstances of the offense and the history and characteristics of the defendant" and concluded that it would deviate "to afford adequate deterrence to criminal conduct" and "to protect the public from further crimes of the defendant."  18 U.S.C. § 3553(a)(1),

court quadrupled the maximum sentence allowable for [the defendant] under the Guidelines," the sentence was reasonable); *Smith*, 417 F.3d at 495–93 (finding that a sentence almost three times the top of the Guideline range was not unreasonable).

[6]  The district court stated that Smith had a "7th grade education" when discussing Smith's background.  Smith does not argue that this represented reliance on an impermissible factor. Any argument on that basis is therefore waived.

9

(2)(B), (C). A defendant's criminal history is one of the factors that a court may consider in imposing a non-Guideline sentence. *Mares*, 402 F.3d at 519. Moreover, the sentence reflects juvenile adjudications not accounted for by the Guideline sentence. The court also considered Smith's release on parole less than one month before the commission of the instant crime. Although the PSR criminal history calculation recognized his status as a parolee at the time of the offense, the court relied on Smith not only having the status of a parolee but also having been released from prison "less than a month" beforehand—a temporal distinction of some significance to the court—which relates to the history and characteristics of Smith. 18 U.S.C. § 3553(a)(1). Furthermore, as the Government submitted, *Roper* is inapposite. While *Roper* may have found that youth reduces criminal culpability, 125 S. Ct. at 1195, it was a capital punishment case involving the Eighth and Fourteenth Amendments, not a *Booker* sentencing case. In sum, the sentence does not take into account an improper factor.

Additionally, Smith argues that the sentence as imposed fails to reflect a statutory sentencing factor that should have received significant weight—the first part of the *Haack* test. He states that the court's selection of a sentence seven increments above the Guideline range conflicts with the "need to avoid unwarranted sentence disparity," 18 U.S.C. § 3553(a)(6), and therefore is unreasonable. Smith, however, fails to provide the court with

10

evidence, such as average sentences for similarly-situated defendants or a case in which a similarly-situated defendant received a lesser sentence, to enable this Court to determine whether his sentence violated the Sentencing Reform Act provision. *Cf*. *Saldana*, 427 F.3d at 313 (finding that despite the defendant's recitation of "numerous cases in which [similarly situated] individuals . . . received shorter sentences," the sentence was reasonable). Furthermore, in this case, the disparity between Smith's sentence and other defendants with his Guideline range was not unwarranted. The district court relied on significant factors not accounted for by Smith's Guideline range. Therefore, the imposed sentence does not produce an unwarranted disparity.[7]

The district court properly calculated the applicable

---

[7] The concurring opinion faults the district court for not explicitly addressing the need to avoid unwarranted sentencing disparity. We hold that the court gave fact-specific justifications for its sentence sufficient to permit us to review for reasonableness. Thus, the level of articulation required under *Mares* is satisfied. 402 F.3d at 519. Furthermore, the sentence in this case, at twice the Guideline range, is reasonably supported by the statutory sentencing factors such that we will not disturb the district court's sentencing decision.

Additionally, Smith did not waive any argument based on sentencing disparity. The cases cited by the concurrence in support of waiver are inapposite. *See, e.g.*, *Salazar-Regino v. Trominski*, 415 F.3d 436, 452 (5th Cir. 2005) (holding argument was waived because the petitioners cited only one case, failed "to explain how the cited opinion should apply to the instant case," and also failed "to mention that the opinion is not even good law"). Here, Smith cites to valid statutory authority and explains how the statute supports his argument. Smith's contention, though ultimately rejected herein, satisfies the requirements of Federal Rule of Appellate Procedure 28(a)(9)(A) and therefore was not waived.

Guideline range and carefully articulated permissible reasons for its variance. Therefore, the court committed no legal error in the sentencing procedure. Accordingly, the sentence must be given great deference. Additionally, the court's findings in support of the upward variance sufficiently demonstrate that the substance of the sentence is reasonable under § 3553(a).

## IV. CONCLUSION

Following the post-*Booker* reasonableness standard, the district court did not err in sentencing Smith to sixty months imprisonment. The court's reliance on Smith's criminal history and recent status as a parolee was not erroneous. Accordingly, the district court's judgment is AFFIRMED.

EMILIO M. GARZA, Circuit Judge, concurring in part and in the judgment:

I agree with the majority's adoption of the Eighth Circuit's *United States v. Haack*, 403 F.3d 997 (8th Cir. 2005), standard for reviewing non-Guidelines sentences. I disagree, however, with the majority's conclusion that the district court adequately considered 18 U.S.C. § 3553(a)(6), "the need to avoid unwarranted sentencing disparity." The *Haack* standard requires us to vacate a sentence and remand when the district court did not consider a factor that should have received significant weight. *Id*. at 1004. I would hold that where the district court imposes a sentence that is more than twice the top of the applicable Guidelines range, sentencing disparity is a factor that should receive significant weight. Although the district court need not, in most cases, explicitly discuss each of the § 3553(a) factors, a sentence so far outside the Guidelines range is not reasonable without consideration of the resulting disparity.

I concur in the judgment, however, because Smith has waived any argument based on sentencing disparity by failing to adequately brief it. FED.R.APP.P. 28(a)(9)(A); *Salazar-Regino v. Trominski*, 415 F.3d 436, 452 (5th Cir. 2005) (argument that consisted solely of a single citation to a case is waived); *L & A Contracting Co. v. S. Concrete Servs*., 17 F.3d 106, 113 (5th Cir. 1994) (holding that argument that was one-page in length was waived where appellant cited no authority). The total of Smith's argument on point consists of the conclusory assertion that his sentence conflicts with the need to avoid unwarranted sentencing disparity. The remainder of Smith's brief argues that a non-Guidelines sentence is unreasonable when the Guidelines already take into consideration the reasons given by the district court. Accordingly, I would hold that Smith has waived the argument and affirm the sentence on that basis.