**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**October 18, 2006**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**

**FIFTH CIRCUIT**

_____

No. 06-10138

(Summary Calendar)

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ISRAEL ESPARZA PENA,

Defendant-Appellant.

Appeal from the United States District Court
For the Northern District of Texas
USDC No. 5:02-CR-90-ALL

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Israel Esparza Pena appeals the 84-month non-guideline sentence imposed following his

guilty-plea conviction for possession of a firearm by a convicted felon. 18 U.S.C. § 922(g)(1). Pena

_____

[*] Pursuant to Fifth Circuit Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Circuit Rule 47.5.4.

argues that the sentence imposed, which was an upward variance from the guideline range of 21 to 27 months, is unreasonable.

We review the district court's findings of fact for clear error and its application of the guidelines de novo. *United States v. Smith*, 440 F.3d 704, 706 (5th Cir. 2006). The sentence is reviewed for unreasonableness, taking into account the factors in 18 U.S.C. § 3553(a). *Id.* at 706.

Although the sentence imposed in this case is 57 months more than the high end of the guideline range, the district court thoroughly articulated its reasons for imposing this sentence, and those reasons were fact-specific and rationally related to the sentencing factors enumerated in § 3553(a). *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005). The district court considered the defendant's extensive criminal history, which includes convictions for seven driving while intoxicated offenses, three controlled substance offenses, two reckless driving offenses, and one assault-domestic violence offense. Further, there were numerous other arrests, some of which related to charges pending at the time of sentencing. Based on this information, the district court found that an upward variance was justified to address four separate sentencing factors: the defendant's criminal history, § 3553(a)(1); the need to promote respect for the law, § 3553(a)(2)(A); the need to afford adequate deterrence, § 3553(a)(2)(B); and the need to protect the public from the defendant, § 3553(a)(2)(C). Because of these specifically articulated reasons, we do not find that this sentence is unreasonable.

AFFIRMED.