**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**October 30, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-40312
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANCISCO VARGAS-RODRIGUEZ,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
No. 1:05-CR-671-ALL
---------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Francisco Vargas-Rodriguez appeals his guilty-plea conviction and sentence for possession with intent to distribute "more than 50 grams, that is, approximately 11.16 kilograms, gross weight, of methamphetamine," in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). Finding no error, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Vargas-Rodriguez first contends that the government was required to allege and prove that he knew both the type and quantity of drug involved. As he properly concedes, his argument is foreclosed by United States v. Gamez-Gonzalez, 319 F.3d 695, 699-700 (5th Cir. 2003); he raises it here solely to preserve it for further review.

In his second issue on appeal, Vargas-Rodriguez asserts that the district court erroneously applied the sentencing guidelines as mandatory in violation of his Sixth Amendment rights. Our review of the sentencing transcripts convinces us otherwise.

The court referred to the guidelines as advising the court, and the government noted their advisory nature. The court stated that Vargas-Rodriguez's age and lack of criminal history made the court hesitant about imposing a long sentence, but the court also stated that it did not want to encourage drug dealers to focus on using older persons without criminal records as drug mules merely because there would be a lower sentence. The court also noted that, although a longer sentence might not provide deterrence, retribution is also a goal of the guidelines.

Thus, the court plainly considered the effect of Vargas-Rodriguez's age and criminal history in determining the appropriate sentence. The transcript makes it plain that the court concluded that the guidelines in this case provided the appropriate sentence. This was a proper exercise of sentencing discretion. See United States v. Smith, 440 F.3d 704, 707 (5th Cir. 2006).

2

Because the sentence was within the correct guidelines range, it is entitled to a presumption of reasonableness.  See id.  Vargas-Rodriguez has failed to rebut that presumption.

AFFIRMED.