**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**December 6, 2006**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

No.  05-30281
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WALTER JAMES THOMAS,

Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of Louisiana
(3:04-CR-161-1)

Before DAVIS, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Walter James Thomas challenges the district court's upward departure and deviation from the Guideline range, following his guilty-plea conviction for one count each for mail fraud, money laundering, and making a false statement on a tax return. *See* 18 U.S.C. §§ 1341, 1956(a)(1)(A)(I); 26 U.S.C. §§ 7206(1).  The Guideline range of imprisonment was 70 to 87 months.  After departing upward one criminal-history category, the district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

determined the resulting 84-to-105-month sentencing range was still insufficient and imposed a non-Guideline sentence (upward deviation) of 120 months. *See United States v. Smith*, 440 F.3d 704, 706-07 (5th Cir. 2006).

In imposing the criminal-history-category upward departure, the district court considered: Thomas' criminal conduct not counted under the Guidelines; the obscenity charges both dropped and pending against him; his attempt to use a victim's identity to obtain $50,000 in credit from American Express; the hardships imposed on victims of identity theft; his theft of $50,000 from his mother and the resulting hardship on her; his having been charged with only three counts, despite having committed numerous separate mail-fraud and money-laundering offenses and that he could have been charged with many separate theft offenses under state law; and the likelihood of recidivism based on his criminal history. The district court did not abuse its discretion in deciding to depart upward. Its reasons for doing so advanced the objectives set forth in 18 U.S.C. § 3553(a)(2), were authorized by § 3553(b), and were justified by the facts of the case. *See United States v. Saldana*, 427 F.3d 298, 310 (5th Cir.), *cert. denied*, 126 S. Ct. 810 (2005).

With regard to the upward deviation, pursuant to *United States v. Booker*, 543 U.S. 220 (2005) (Guidelines only advisory), the district court properly calculated the post-departure Guideline range of imprisonment and explained in detail, both orally and in

its written reasons for judgment, why it was imposing the sentence. *See Smith*, 440 F.3d at 708. The court's written reasons, as well as those articulated at sentencing, reflect appropriate concern for "the nature and circumstances of the offense and the history and characteristics of the defendant", as required by § 3553(a)(1). The extent of the upward deviation advances the objectives of § 3553(a)(2) in that it reflects the seriousness of Thomas's crimes against the victims, protects the public from further crimes by Thomas, and affords adequate deterrence to criminal conduct. *See* § 3553(a)(2)(A)-(C). The district court appropriately considered factors that both receive insufficient weight under the Guidelines and reflect the concerns of 18 U.S.C. § 3553(a). *See Smith*, 440 F.3d at 708; U.S.S.G. § 5K2.0 (allowing departures for factors not adequately considered by Guidelines). Therefore, the sentence is *not* unreasonable under *Booker*.

*AFFIRMED*

3