United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 5, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40929
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESUS DAVID SOSA-IBARRA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-2123-3
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Jesus David Sosa-Ibarra appeals the 24-month sentence that resulted from his guilty-plea conviction for transporting illegal aliens for private financial gain in violation of 8 U.S.C. § 1324(a)(1)(B) and 18 U.S.C. § 2. He argues that the district court erred by failing to articulate fact-specific reasons for its nonguideline sentence. Sosa-Ibarra also argues that the court gave insufficient consideration or weight to the advisory Sentencing Guidelines and the statutory sentencing factors.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court "properly calculated the applicable guideline range" for Sosa-Ibarra's offense and "carefully articulated permissible reasons for its variance." See United States v. Smith, 440 F.3d 704, 706-07 (5th Cir. 2006). The court implicitly analyzed the "history and characteristics of the defendant" factor when discussing Sosa-Ibarra's specific facts, namely that Sosa-Ibarra has previously been convicted for an alien smuggling offense, that he was now in the "business" of assisting undocumented aliens in entering the United States, and that he was a leader in the offense. By adopting the PSR in its Statement of Reasons, the court also showed that it considered the fact that Sosa-Ibarra committed the instant offense just six months after completing probation for a similar offense. The court also considered the need for Sosa-Ibarra's sentence to reflect the seriousness of the offense, promote respect for the law, and provide a just punishment when it expressed concern that the 10 to 16 month guideline range did not reflect the "seriousness" of the offense, considering that Sosa-Ibarra's involvement in alien smuggling had escalated since the first offense. Further, the court's warning to Sosa-Ibarra that he could face more time if he returned to the United States after deportation reflected a concern that the sentence encourage deterrence and protect the public from further alien smuggling by Sosa-Ibarra. Because the court committed no legal error in the sentencing procedure, the sentence must be given great deference. See id.

Additionally, the court's fact-specific findings in support of the upward variance sufficiently demonstrate that the substance of the sentence is reasonable under 18 U.S.C. § 3553(a).  See id. at 707.  The court articulated concern that the 10 to 16 month guideline range did not reflect the "seriousness" of the offense, considering that Sosa-Ibarra's involvement in alien smuggling had escalated and become more sophisticated since his first smuggling offense.  The court's analysis of the facts supporting the "seriousness" reflects a balancing of the § 3553(a) factors, namely the circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence to reflect certain factors.  See § 3553(a).  The nonguideline sentence therefore reasonably reflects the requisite consideration of the § 3553(a) factors, gives significant weight to relevant and proper factors, and demonstrates a balancing of the sentencing factors that does not represent "a clear error of judgment."  See Smith, 440 F.3d at 708.  The district court therefore did not abuse its discretion in imposing a nonguideline sentence.  See id.

AFFIRMED.