United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 22, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-10189
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RUSSELL CURTIS RHODES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:05-CR-67-ALL
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Russell Curtis Rhodes appeals his sentence of 180 months of imprisonment for aggravated sexual abuse of a child, in violation of 18 U.S.C. § 2241(c). Rhodes pleaded guilty to the charged offense pursuant to a plea agreement.

On appeal, Rhodes claims that the district court erred in failing to provide notice pursuant to FED. R. CRIM. P. 32(h) that it would impose a non-Guideline sentence. Rhodes also argues that the district court's sentence was unreasonable because it considered facts

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

unsupported by the record or which had already been taken into account in establishing the guideline range.

After United States v. Booker, 543 U.S. 220 (2005), this court continues to review sentences for reasonableness. United States v. Mares, 402 F.3d 511, 520 (5th Cir.), cert. denied, 126 S. Ct. 43 (2005). Nevertheless, this court has not expressly held whether the reasonableness standard or the plain-error standard of review applies in cases such as this, where the defendant fails to object to the reasonableness of the sentence in the district court. However, this court need not address the issue at this time because even under the more generous reasonableness standard Rhodes fails to make the requisite showing.

Under the reasonableness standard, the district court must more thoroughly articulate its reasons for imposing a non-guidelines sentence than when it imposes a sentence within the Guidelines system. United States v. Smith, 440 F.3d 704, 707 (5th Cir. 2006). Such reasons should be fact-specific and consistent with the sentencing factors expressed in 18 U.S.C. § 3553(a). Id. "The farther a sentence varies from the applicable Guideline sentence, 'the more compelling the justification based factors in section 3553(a)' must be." Id. (citation omitted).

In this case, the district court imposed the non-guidelines sentence based on the nature and characteristics of the offense and the history and characteristics of the defendant, as well as the need to reflect the seriousness of the offense, to deter further

criminal conduct and to protect the public, as required under § 3553(a). Specifically, the court noted that in deciding to issue the variance, it considered the particularly young age of the victim, who was only three-years old at the time of the abuse; the fact that not only was the victim in the care or custody of Rhodes, but is his daughter; and evidence of repeated instances of sexual abuse of the victim. Because it was not improper for the court to consider these factors, we conclude that Rhodes's sentence was reasonable.

With respect to Rhodes's argument that the court erred in failing to give notice of its intent to impose a variance, thereby denying him of a meaningful opportunity to challenge the findings of the district court, this court finds that because Rhodes could have raised an objection to the lack of notice under Rule 32(h), but failed to do so, the proper standard of review is plain-error. See United States v. Jones, 444 F.3d 430, 436 (5th Cir.)(citing United States v. Olano, 507 U.S. 725, 731 (1993)), cert. denied, 126 S. Ct. 2958 (2006). Rhodes must therefore demonstrate that such error is plain and affected his substantial rights. Plain error is error that is clear under the current law. See Olano, 507 U.S. at 743. Since the law at the time Rhodes was sentenced was not clear as to whether notice under FED. R. CRIM. P. 32(h) is required for non-guideline sentences, Rhodes cannot demonstrate that there was plain error, and has failed to meet the required burden.

AFFIRMED.