United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 24, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————————

No. 06-10895
Summary Calendar

————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SAMMY DELEON,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:06-CR-15-ALL
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Sammy Deleon appeals his 120 month sentence imposed for his
conviction for being a felon in possession of a firearm, in
violation of 18 U.S.C. § 922(g). He argues that the district
court erred in applying a sentence enhancement under U.S.S.G.
§ 2K2.1(b)(5) because he did not commit the Texas felony offense
of manslaughter. Deleon also contends that his non-guidelines
sentence is unreasonable because the district court improperly
considered a factor for which there was no evidentiary support.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Specifically, Deleon argues that the record did not support a finding that he knew the firearm was defective.

Reviewing the district court's application of the Guidelines de novo and its factual findings for clear error, we find that the district court did not err in applying the § 2K2.1(b)(5) enhancement.  See United States v. Villegas, 404 F.3d 355, 359 (5th Cir. 2005); United States v. Villanueva, 408 F.3d 193, 203, n.9 (5th Cir.), cert. denied, 126 S. Ct. 268 (2005).  Deleon's statement contained in the presentence report indicated that he knew the firearm was defective, that he had taken methamphetamine earlier in the day, that he was cleaning a loaded gun in close proximity to another person, and that he was illegally possessing the firearm.  Considering these facts, we hold that the district court did not err in concluding that Deleon recklessly caused the death of Audra Fuentes, thereby committing the Texas felony offense of manslaughter.

Deleon's non-guidelines sentence is not unreasonable based on the district court's consideration of the fact that Deleon knew the gun was defective.  Deleon's argument that the record does not contain evidence of Deleon's knowledge as to the firearm's defect is erroneous.  His statement in the presentence report indicates that he was aware of the defect.  The district court did not give significant weight to an improper factor.  See United States v. Smith, 440 F.3d 704, 707 (5th Cir. 2006).

Accordingly, the judgment of the district court is AFFIRMED.