United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 16, 2007**

Charles R. Fulbruge III
Clerk

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 06-51509
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

BRIAN ALLAN PALMER

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:06-CR-47-ALL

Before HIGGINBOTHAM, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

Brian Allan Palmer appeals his sentence following his guilty plea conviction of four counts of wire fraud and three counts of transportation of stolen goods in violation of 18 U.S.C. §§ 1343, 2314. The district court imposed a non-guidelines sentence of 60 months in prison, which was 27 months above the advisory guidelines range maximum of 33 months as calculated in the presentencing report.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Palmer argues that his sentence was unreasonable because the district court improperly weighed the vulnerability of his victims without making a factual determination that he knew or should have known about their vulnerability. The record belies Palmer's assertion. Furthermore, Palmer has failed to show that consideration of victim vulnerability without a finding of knowledge is improper under the discretion afforded courts by § 3553(a). In any event, the record also establishes that the district court considered many factors, not just victim vulnerability, when it sentenced Palmer. In particular, the district court was troubled by the fact that Palmer's prior term of probation did not deter him and that he showed poor judgment by traveling to the Bahamas after filing for bankruptcy. The district court concluded that it was likely Palmer would engage in similar schemes in the future and believed that, given Palmer's history and likelihood of recidivism, a 60-month sentence was needed to achieve § 3553(a)'s objectives, including providing just punishment and deterrence. These were appropriate considerations. See United States v. Smith, 440 F.3d 704, 709 (5th Cir. 2006). Thus, Palmer fails to show that the district court did not account for a factor that should have received great weight, gave significant weight to an irrelevant factor, or committed a clear error of judgment in balancing the sentencing factors. See, e.g., id.

The district court's judgment is AFFIRMED.