# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 24, 2007**

Charles R. Fulbruge III
Clerk

No. 06-51622
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

CHARLES TODD DAY

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:01-CR-30-ALL

Before HIGGINBOTHAM, STEWART, and OWEN, Circuit Judges.

PER CURIAM:[*]

Charles Todd Day appeals the consecutive 18-month sentences imposed by the district court following the revocation of his two concurrent terms of supervised release. Day argues that the sentences imposed by the district court are unreasonable. He argues that the sentences are well above the advisory guidelines range of 7 to 13 months of imprisonment and that the district court did not give any written or oral reasons for its decision.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This court need not decide the appropriate standard of review for a sentence imposed upon revocation of supervised release in the wake of United States v. Booker, 543 U.S. 220 (2005), because Day has not shown that his sentence was either unreasonable or plainly unreasonable. See United States v. Hinson, 429 F.3d 114, 120 (5th Cir. 2005), cert. denied, 547 U.S. 1083 (2006). Day was subject to a three year statutory maximum sentence upon revocation of his supervised release. See 18 U.S.C. §§ 841(b)(1)(B)(ii), 3559(a)(2), 3583(e)(3). Under the parties' previous agreed order, the advisory guidelines range of imprisonment is 18 to 24 months based on Day's Grade B violation and his criminal history category of V. See U.S.S.G. § 7B1.4(a). Day's sentence was within the advisory guidelines range and did not exceed the statutory maximum sentence. Id.; §§ 841(b)(1)(B)(ii), 3559(a)(2), 3583(e)(3). Day repeatedly violated the terms of his supervised release. The district court departed downward at his original sentencing and previously modified his supervised release to give Day an opportunity to participate in a residential drug treatment program. The district court warned Day that if he violated his supervised release in the future, the court would seriously consider imposing a revocation sentence of at least 36 months. However, Day squandered this opportunity to participate in the residential drug treatment program and was unsuccessfully discharged from the program for creating a disturbance and acting in a threatening manner in a group encounter session. Even if, as Day argues, the advisory range was 7 to 13 months, based on a Grade C violation and his criminal history category of V, Day's sentence, while in excess of the recommended range, was within the statutory maximum sentence that the district court could have imposed. Further, a review of the record demonstrates that the district court considered the advisory guideline sentencing range and the relevant sentencing factors. See United States v. Smith, 440 F.3d 704, 707 (5th Cir. 2006). Therefore, the sentence was neither unreasonable nor plainly unreasonable. See Hinson, 429 F.3d at 120. Accordingly, the district court's judgment is AFFIRMED.