# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 14-20745
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
July 6, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAVIER OLIVA RESENDEZ, also known as Javier Oliva-Resendez, also known as Javier Ovliva Resendez,

Defendant-Appellant

————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CR-491

————————————————

Before DAVIS, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Javier Oliva Resendez (Oliva) appeals the above-guidelines, 15-month sentence imposed for his illegal reentry conviction. He contends that his sentence is substantively unreasonable and greater than necessary to satisfy the 18 U.S.C. § 3553(a) factors. Oliva claims that the district court accorded undue weight to his criminal history.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-20745

We review the substantive reasonableness of a sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). "A non-Guideline sentence unreasonably fails to reflect the statutory sentencing factors where it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).

When imposing the upward variance at sentencing, the district court cited Oliva's two prior convictions for assault of a family member and other evidence of repeated violent behavior by Oliva toward his common-law wife. Oliva's disagreement with the district court's assessment of this factor is not sufficient to show an abuse of discretion. *See Gall*, 552 U.S. at 51. Moreover, a court may consider a defendant's criminal history when imposing a non-Guideline sentence, *Smith*, 440 F.3d at 709, even though that factor has been incorporated into the Guidelines, *United States v. Key*, 599 F.3d 469, 475 (5th Cir. 2010).

The extent of the variance, seven months above the upper guidelines range of eight months, is within the range of variances that we have upheld. *See United States v. McElwee*, 646 F.3d 328, 345 (5th Cir. 2011); *Key*, 599 F.3d at 475-76. Given the deference that is due to a district court's consideration of the § 3553(a) factors, *see Gall*, 552 U.S. at 51, and the district court's legitimate reasons for its sentencing decision, Oliva has not demonstrated that the sentence is substantively unreasonable, *see Smith*, 440 F.3d at 710.

The judgment of the district court is AFFIRMED.