# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

July 21, 2015

Lyle W. Cayce
Clerk

No. 14-51062
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EDDIE HEMPHILL, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:14-CR-144-1

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Eddie Hemphill, Jr., appeals the above-guidelines, 60-month sentence imposed for his escape conviction. *See* 18 U.S.C. § 751(a). He contends that his sentence is substantively unreasonable and greater than necessary to satisfy the 18 U.S.C. § 3553(a) factors, particularly the need to protect the public and deter future crimes.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-51062

We review the substantive reasonableness of a sentence for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 46 (2007). A sentence outside the Guidelines "unreasonably fails to reflect the statutory sentencing factors where it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).

When imposing the upward variance, the district court considered Hemphill's extensive and violent criminal history, as well as the seriousness and particular circumstances of the instant offense. *See id.* at 709. Hemphill's disagreement with the district court's assessment of these factors is not sufficient to show an abuse of discretion. *See Gall*, 552 U.S. at 51. Given the deference that is due a district court's consideration of the § 3553(a) factors, *see id.*, and the district court's legitimate reasons for its sentencing decision, Hemphill has not demonstrated that his sentence is substantively unreasonable, *see Smith*, 440 F.3d at 710.

AFFIRMED.