# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-51282
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 12, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BENEDICTO LAZARO-LOPEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:14-CR-485-1

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Benedicto Lazaro-Lopez pleaded guilty, without the benefit of a plea agreement, to illegal reentry. He now challenges his 42-month above-guidelines prison sentence as substantively unreasonable. Specifically, Lazaro-Lopez contends that the guidelines range adequately accounted for a prior conviction for selling cocaine by including it in the offense-level calculation, he anticipated a more lenient sentence because he had no criminal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-51282

history in the division where he illegally reentered, and a shorter sentence would have been sufficient to deter him in light of the more lenient sentences he had received for his most recent illegal reentry convictions.  Our review is for abuse of discretion.  *Gall v. United States*, 552 U.S. 38, 51 (2007).

These arguments amount to a disagreement with the balance among the sentencing factors that the district court struck, but we will not reweigh those factors.  *See United States v. McElwee*, 646 F.3d 328, 344-45 (5th Cir. 2011). The court heard Lazaro-Lopez's arguments in mitigation of his sentence, specifically noting that it had taken them into account.  It simply determined that the factors he raised did not overcome other sentencing considerations, including that several of his prior convictions had not been factored into his criminal history score and that shorter sentences for prior illegal reentry offenses had not deterred him from reentering.  The court's reasons for imposing an above-guidelines sentence were fact-specific and consistent with the 18 U.S.C. § 3553(a) factors.  *See United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006).  Indeed, the court expressly tied the sentence to three of those factors—Lazaro-Lopez's history and characteristics, the court's obligation to impose a just sentence, and the need to deter future criminal conduct.  *See* § 3553(a).  Even if a different sentence could also have been appropriate, that is insufficient to warrant reversal.  *United States v. York*, 600 F.3d 347, 361-62 (5th Cir. 2010).  Nothing suggests that the district court did not account for a factor that should have received significant weight or made a clear error of judgment in balancing the sentencing factors.  *See Smith*, 440 F.3d at 708.

Accordingly, the district court's judgment is AFFIRMED.