# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50305
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 3, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

ALEJANDRO HERNANDEZ-VAZQUEZ,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:14-CR-635

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Alejandro Hernandez-Vazquez, without the benefit of a plea agreement, pleaded guilty of illegal reentry. He challenges his 27-month, above-guidelines sentence as substantively unreasonable. He maintains that the sentence is too high to achieve the purposes of sentencing because the three assault convictions that were not factored into his criminal history score and that the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court relied on to vary upward were misdemeanors and occurred over ten years ago. Moreover, he claims that the sentence did not account for his background, namely, that he lived in poverty in Mexico, began working at an early age, entered the United States to work, began drinking when he was young, committed crimes because of his drinking, and tried to address his drinking problem. He asserts that a sentence at the high end of the guideline range would have been sufficient to account for all of the various sentencing factors. Our review is for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007).

Hernandez-Vazquez's contentions amount to a disagreement with the balance among the sentencing factors that the district court struck, but we will not reweigh those factors. *See United States v. McElwee*, 646 F.3d 328, 344–45 (5th Cir. 2011). At sentencing, the court and defense counsel engaged in a thorough examination of Hernandez-Vazquez's history and characteristics. The court determined that the factors counsel raised did not overcome Hernandez-Vazquez's uncounted convictions of violent crimes. As Hernandez-Vazquez correctly recognizes, the court had discretion to vary upwardly from the guidelines range on that basis. *See United States v. Smith*, 440 F.3d 704, 709 (5th Cir. 2006). The court's reasons for imposing an above-guidelines sentence were fact-specific and consistent with the 18 U.S.C. § 3553(a) factors. *See id.* at 707. Nothing suggests that the court did not account for a factor that should have received significant weight, gave significant weight to an irrelevant or improper factor, or made a clear error of judgment in balancing the factors. *See Smith*, 440 F.3d at 708. Moreover, a sentence is not unreasonable merely because a different sentence would also have been appropriate. *Gall*, 552 U.S. at 51.

The judgment of sentence is AFFIRMED.