# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11093
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 9, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GREGORY P. DAMM,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-4-1

Before KING, SMITH, and ELROD, Circuit Judges.

PER CURIAM:[*]

Gregory P. Damm pleaded guilty to one charge of failing to register as a sex offender, and he received an above-guidelines sentence of 60 months in prison as well as a five-year term of supervised release. On appeal, Damm argues that his sentence is substantively unreasonable because the district court failed to appreciate that his homelessness made it difficult for him to register and placed too much emphasis on his criminal history.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11093

If the district court has imposed a sentence that deviates from the guidelines range, reasonableness review requires that this court evaluate whether the sentence "unreasonably fails to reflect the statutory sentencing factors" set forth in 18 U.S.C. § 3553(a). *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006). "A non-Guideline sentence unreasonably fails to reflect the statutory sentencing factors where it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *Id.*

The district court gave due consideration to the § 3553(a) factors and committed no error when balancing them. *See id.* Damm's argument that the district court should have differently balanced the § 3553(a) factors "is not a sufficient ground for reversal." *See United States v. Malone*, 828 F.3d 331, 342 (5th Cir.), *cert. denied*, 137 S. Ct. 526 (2016).

AFFIRMED.