# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 10, 2018

Lyle W. Cayce
Clerk

No. 17-41203
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JORGE LUIS ORTIZ-ESQUIVEL,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:17-CR-1130-1

Before REAVLEY, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Jorge Luis Ortiz-Esquivel appeals the 75-month, above-guidelines sentence imposed following his guilty plea conviction for illegally reentering the United States after removal. He argues that his sentence is substantively unreasonable because the district court failed to take into consideration his motive for reentering the country and failed to account for the need to avoid

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-41203

unwarranted sentence disparities, while giving undue weight to his prior federal convictions.

We ordinarily review the substantive reasonableness of a sentence for abuse of discretion, *see Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Diehl*, 775 F.3d 714, 724 (5th Cir. 2015), but where the defendant failed to preserve an error in the district court, we apply a plain error standard of review, *United States v. Peltier*, 505 F.3d 389, 391 (5th Cir. 2007). Ortiz-Esquivel raised some of his argument in the district court, but he did not argue in the district court that an above-guidelines sentence would result in unwarranted sentence disparities.

Although a district court must consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," 18 U.S.C. § 3553(a)(6), Ortiz has not shown that, in light of the other sentencing factors considered by the district court, any error in failing to consider this one factor affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). Additionally, although Ortiz argues that the district court gave no weight to the mitigating reason for his most recent reentry and gave undue weight to the fact that he committed federal offenses, he fails to show that the district court abused its discretion. *See United States v. Malone*, 828 F.3d 331, 342 (5th Cir. 2016); *see also Gall*, 552 U.S. at 51 ("The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court.").

Ortiz's above-guidelines sentence does not unreasonably fail to reflect the statutory sentencing factors set forth in § 3553(a). *See United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006). The district court's judgment is AFFIRMED.