# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

August 28, 2019

Lyle W. Cayce
Clerk

No. 18-11322
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

VALENTIN CASTANON-RENTERIA,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:18-CR-104-1

Before DAVIS, SMITH and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Valentin Castanon-Renteria appeals the 51-month sentence imposed following his guilty plea conviction for illegal reentry in violation of 8 U.S.C. § 1326. The sentence represents an upward variance from the applicable guidelines range of 37-46 months. Castanon-Renteria correctly concedes that the second argument he raises on appeal—that his sentence was unconstitutional because it exceeded the statutory maximum charged in the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

indictment—is foreclosed under *Almendarez-Torres v. United States*, 523 U.S. 224, 226-27 (1998).

Castanon-Renteria also contends that his sentence is substantively unreasonable. Specifically, he asserts that the district court "failed to take into account the mitigating factors" he presented at the sentencing hearing and failed to balance properly the sentencing factors set forth in 18 U.S.C. § 3553(a).

We review claims that a sentence is substantively unreasonable, in light of the 18 U.S.C. § 3553(a) factors, under an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 49-51 (2007). The record confirms that the district court considered Castanon-Renteria's arguments and made an individualized assessment of the § 3553(a) factors, determining that the extensiveness of Castanon-Renteria's criminal history, the need to deter future misconduct, lack of respect for the law, and need for just punishment outweighed the mitigating factors that Castanon-Renteria presented at the sentencing hearing and warranted an above-guidelines sentence. *See Gall*, 552 U.S. at 49-50; *United States v. Smith*, 440 F.3d 704, 709 (5th Cir. 2006) § 3553(a)(1), (2)(A)-(C). Castanon-Renteria's mere disagreement with the weight that the district court gave the sentencing factors fails to demonstrate that his sentence constitutes an abuse of discretion. *See Gall*, 552 U.S. at 51.

The judgment of the district court is AFFIRMED.