# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 24, 2021

Lyle W. Cayce
Clerk

No. 21-50344
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOHNNY THOMAS HAMBY,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:20-CR-352-1

Before SOUTHWICK, OLDHAM, and WILSON, *Circuit Judges*.

PER CURIAM:*

Johnny Thomas Hamby appeals his above-guidelines sentence of 10 years for being a felon in possession of a firearm. He contends that the sentence was substantively unreasonable because the district court's stated reasons, including its reliance on deterrence and protecting the public from

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

future crimes, was insufficient to support the court's significant variance from the guidelines range.

We review Hamby's sentence for reasonableness for an abuse of discretion in light of 18 U.S.C. § 3553(a)'s sentencing factors. *See Gall v. United States*, 552 U.S. 38, 51-52 (2007). In so doing, we consider "the totality of the circumstances, including the extent of any variance from the [g]uidelines range," to determine whether the § 3553(a) factors support the sentence, *United States v. Fraga*, 704 F.3d 432, 440 (5th Cir. 2013) (internal quotation marks and citation omitted). Although "[a] major deviation from the Guidelines range requires a greater justification than a minor one," the district court in the instant case gave such justification. *Id.*; *see also United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006).

The record does not show that the district court failed to account for a factor that should have received significant weight, gave significant weight to an irrelevant or improper factor, or made a clear error of judgment in balancing the sentencing factors. *See United States v. Diehl*, 775 F.3d 714, 724 (5th Cir. 2015). Further, the district court articulated "individualized, case-specific reasons" that justified the higher sentence. *Id.* (internal quotation marks and citation omitted). Namely, the district court stated that the sentence it gave was necessary to afford adequate deterrence to criminal conduct, given that Hamby committed the instant offense just 11 days after serving 8 years on a 16-year sentence and had not taken advantage of the opportunities to make positive changes in his life. Also, Hamby's recidivism implicated the need to protect the public from Hamby's further crimes, given that Hamby's criminal behavior began at age 18; he had been in prison for all but about a year over the course of 26 years; and he had five felony convictions.

No. 21-50344

Hamby's arguments amount to no more than a request for this court to reweigh the statutory sentencing factors, which we will not do. *See United States v. Hernandez*, 876 F.3d 161, 166-67 (5th Cir. 2017).

AFFIRMED.