# United States Court of Appeals
# for the Fifth Circuit

---

No. 25-30051
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
August 26, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

BOBBY GLENN WALL, JR.,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:24-CR-20-2

---

Before JONES, RICHMAN, and DUNCAN, *Circuit Judges*.

PER CURIAM:[*]

Bobby Glenn Wall, Jr. pleaded guilty to the distribution of child pornography. He was sentenced above the advisory guidelines to 192 months of imprisonment and 15 years of supervised release. Wall challenges the substantive reasonableness of his sentence.

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

A sentencing court must consider the factors set forth in 18 U.S.C. § 3553(a) and "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth" there. 18 U.S.C. § 3553(a). Appellate review is for reasonableness, under an abuse of discretion standard. *See Gall v. United States*, 552 U.S. 38, 51 (2007). A non-guidelines sentence is unreasonable if it "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).

Wall contends that his sentence is unreasonable because the district court failed to give adequate weight to his history of substance abuse, the influence of his father, and his rehabilitative potential. The record reflects that the district court considered these factors but accorded greater weight to Wall's history and characteristics and the danger he would pose on his release. Wall has shown no abuse of discretion. *See United States v. Hernandez*, 876 F.3d 161, 167 (5th Cir. 2017).

In addition, Wall argues that because he was sentenced to a longer term than his codefendant father, his sentence creates an unwarranted disparity. We need not address whether Wall failed to preserve this issue because Walls fails to show that he and his father were similarly situated in relevant respects or that any disparity was unwarranted. *See* 18 U.S.C. § 3553(a)(6); *United States v. Heard*, 709 F.3d 413, 435 (5th Cir. 2013).

AFFIRMED.