# United States Court of Appeals
# for the Fifth Circuit

———————

No. 25-50266
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
February 20, 2026

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Andre Harris,

*Defendant—Appellant*.

———————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:24-CR-193-1

———————————————

Before Davis, Wilson, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Andre Harris pleaded guilty to escape from federal custody and was sentenced to 36 months in prison, which was an upward variance from the applicable guidelines range of zero to six months. On appeal, Harris argues that his sentence is substantively unreasonable because it (i) does not account for the mitigating factors of his escape offense or his acceptance of

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

responsibility, (ii) gives significant weight to and overstates his criminal history—which was already accounted for by the Guidelines, and (iii) represents a clear error of judgment in balancing the sentencing factors by giving too little weight to mitigating factors and too much weight to his criminal history and the need for deterrence.

We review the substantive reasonableness of a sentence for an abuse of discretion. *United States v. Cortez-Balderas*, 74 F.4th 786, 787 (5th Cir. 2023). When reviewing a non-guidelines sentence for substantive reasonableness, we "must give due deference to the district court's decision that the [18 U.S.C.] § 3553(a) factors, on a whole, justify the extent of the variance." *United States v. Broussard*, 669 F.3d 537, 551 (5th Cir. 2012) (internal quotation marks and citation omitted).

We discern no abuse of discretion. Harris has not demonstrated that the district court failed to "account for a factor that should have received significant weight," gave "significant weight to an irrelevant or improper factor," or committed "a clear error of judgment in balancing" the § 3553(a) factors. *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006). The district court properly considered the § 3553(a) factors, including the nature and circumstances of the offense, Harris's history and characteristics, and the need to promote respect for the law. Despite Harris's assertions otherwise, the district court considered his mitigating circumstances but clearly determined that the need to promote respect for the law outweighed those mitigating circumstances.

As to the extent of the variance, we likewise find no abuse of discretion. The magnitude of the variance was within reasonable bounds. *See United States v. Hudgens*, 4 F.4th 352, 359, 361 (5th Cir. 2021); *United States v. McElwee*, 646 F.3d 328, 344–45 (5th Cir. 2011).

Accordingly, the judgment of the district court is AFFIRMED.