**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**March 8, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-50478
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEMARIO DONNELL SMITH,

Defendant-Appellant.

Consolidated with
No. 06-50541
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER EUGENE BRADFORD,

Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Western District of Texas
USDC No. 5:05-CR-507-2
USDC No. 5:05-CR-507-3
--------------------

Before DeMOSS, STEWART and PRADO, Circuit Judges.

PER CURIAM:[*]

--------------------

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Following the denial of a motion to suppress a firearm and cash discovered during a vehicle search (following a traffic stop), Demario Donnell Smith and Christopher Eugene Bradford entered conditional guilty pleas to bank robbery and aiding and abetting. Smith and Bradford were both sentenced to 96 months of imprisonment. They now appeal the denial of the suppression motion. They do not challenge the validity of the initial stop. Instead, they argue only that the vehicle search was improper.

Conclusions of law concerning a motion to suppress are reviewed de novo; findings of fact, for clear error. United States v. Navarro, 169 F.3d 228, 231 (5th Cir. 1999). The appellants do not challenge any findings of fact. In this case, the officer who made the stop received a lookout alert for three black males in a black Honda Civic who had just committed an armed bank robbery. Shortly thereafter, the officer observed Smith and two other black males in just such a vehicle. As the officer approached the vehicle on foot, he saw the occupant in the back seat of the vehicle move abruptly in the vehicle. Under these circumstances, any reasonably prudent officer would have feared for his safety. Thus, the protective search of the vehicle in this case did not violate the Fourth Amendment. See Michigan v. Long, 463 U.S. 1032, 1051 (1983); United States v. Wallen, 388 F.3d 161, 165-66 (5th Cir. 2004); United States v. Shabazz, 993 F.2d 431, 434 (5th Cir. 1993). Since the firearm and the cash were hidden in an area of the center console that

was easily accessible to the occupants of the vehicle, the officers did not exceed their authority in searching that area. We therefore uphold the district court's denial of the suppression motion.

Bradford also challenges his 96-month sentence as an unreasonable upward deviation from his guideline sentencing range of 63 to 78 months. The district court's stated reasons for the sentence imposed enable us to determine that the factors set forth at 18 U.S.C. § 3553(a) support the sentence. See United States v. Smith, 440 F.3d, 704, 709-10 (5th Cir. 2006). Moreover, the deviation was reasonable. Id. at 708 n.5, 709-10. We therefore uphold the sentence imposed by the district court.

AFFIRMED.