United States Court of Appeals
Fifth Circuit

**F I L E D**

April 16, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-50853
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DOUGLAS WAYNE HATCHETT,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:05-CR-532-3
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Douglas Wayne Hatchett appeals the sentence imposed after he pleaded guilty to aiding and abetting bank fraud in violation of 18 U.S.C. §§ 2, 1344. Hatchett's offense conduct was part of a larger scheme to defraud banks and retailers in Texas that involved fraudulent check-writing and the assumption of false identities.

The presentence report set Hatchett's guideline range at 51 to 63 months of imprisonment, but the district court upwardly

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

departed pursuant to § 5K2.0 and § 2B1.1 of the Guidelines and sentenced Hatchett to 120 months of imprisonment.

When a defendant appeals a sentence imposed pursuant to the advisory guidelines scheme required by United States v. Booker, 543 U.S. 220 (2005), this court determines whether the sentence was reasonable. United States v. Smith, 440 F.3d 704, 706 (5th Cir. 2006). The sentencing court's factual findings are accepted unless clearly erroneous, and the application of the Guidelines is reviewed de novo. Id.

Because the district court upwardly departed pursuant to § 5K2.0 of the Guidelines, Hatchett's sentence is a "guideline sentence," and the decision to depart is reviewed for abuse of discretion. See id. at 707; see also United States v. Simkanin, 420 F.3d 397, 415-16 (5th Cir. 2005), cert. denied, 126 S. Ct. 1911 (2006). "A sentencing court does not abuse its discretion in deciding to upwardly depart when its reasons for doing so (1) advance the objectives set forth in 18 U.S.C. § 3553(a)(2); (2) are authorized by 18 U.S.C. § 3553(b); and (3) are justified by the facts of the case." United States v. Saldana, 427 F.3d 298, 310 (5th Cir. 2005) (footnotes omitted), cert. denied, 126 S. Ct. 1097 (2006).

Hatchett's first argument is predicated on a misreading of Booker. Hatchett claims that the district court violated the rule that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized

by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 543 U.S. at 244. The district judge's fact-finding was proper because "with the mandatory use of the Guidelines excised, the Sixth Amendment will not impede a sentencing judge from finding all facts relevant to sentencing." United States v. Mares, 402 F.3d 511, 519 (5th Cir.) (citing Booker, 543 U.S. at 233, 259), cert. denied, 126 S. Ct. 43 (2005).

Hatchett also argues that the upward departure was unreasonable because the district court's statements at the sentencing hearing and in its written statement of reasons regarding participants in the fraud scheme dressing up like military personnel in order to facilitate their crimes are not supported by the record. While the record does not show that the scheme involved "dressing up" like military personnel, Hatchett never denied that such activity occurred, and he did not object to the court's statements below. In addition, the record shows that military identification devices were created and used as part of the fraud scheme. The court's finding of fact was not clearly erroneous. See Smith, 440 F.3d at 706. Nor were its reasons for upwardly departing unreasonable, as they are "justified by the facts of the case." See Saldana, 427 F.3d at 310.

Finally, Hatchett argues that the district court's reasons for upwardly departing were "patently unreasonable" because the district court held him responsible "for blowing up the Oklahoma City Federal Building before the superseding indictment's timeframe" and "for blowing up the Sears Tower when it has not yet been blown up." The district court never held Hatchett responsible for these explosive scenarios but mentioned them to illustrate the danger presented by the methods of those involved in Hatchett's fraud scheme. In addition, the court pointed to the commentary to § 2B1.1, which specifically contemplates that an upward departure may be warranted where, as here, "[t]he offense caused substantial harm to the victim's reputation or credit record, or the victim suffered a substantial inconvenience related to repairing the victim's reputation or a damaged credit record" or where "[a]n individual whose means of identification the defendant used to obtain unlawful means of identification is erroneously arrested." § 2B1.1 cmt. n.19(A)(vi)(I) and (II). One of Hatchett's victims suffered both these indignities. Accordingly, the court's decision to depart was not unreasonable. See Smith, 440 F.3d at 706-07.

AFFIRMED.