# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 8, 2008

Charles R. Fulbruge III
Clerk

No. 06-11404
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

GARY DALE STANLEY, JR

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:05-CR-269-1

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Gary Dale Stanley Jr. appeals his 600-month sentence for his convictions of two counts of carjacking; one count of using, carrying, and brandishing a firearm during and in relation to a crime of violence; one count of felon in possession of a firearm; two counts of tampering with a victim; and two counts of conspiracy to tamper with a victim. He argues that the district court's imposition of an upward departure and the extent of the departure is unreasonable.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because the district court departed upwardly pursuant to U.S.S.G. §§ 4A1.3 and 5K2.0, Stanley received a guidelines sentence. See United States v. Smith, 440 F.3d 704, 707 (5th Cir. 2006). We review the decision to depart upwardly and the extent of the departure for abuse of discretion, ultimately determining whether the sentence is reasonable under 18 U.S.C. § 3553(a). United States v. Rajwani, 476 F.3d 243, 248-50 (5th Cir.), modified on other grounds, 479 F.3d 904 (5th Cir. 2007). An upward departure is not an abuse of discretion when the departure 1) advances the objectives set forth in § 3553(a)(2); 2) is authorized by § 3553(b); and 3) is justified by the facts of the case. Id. at 249-50.

The district court did not abuse its discretion in upwardly departing from the advisory guidelines range. Its reasons for departing advanced the objectives of § 3553(a)(2), including the need for the sentence imposed to reflect the seriousness of the offenses, the need to promote respect for the law, and the need to protect the public from future crimes by Stanley. The district court's decision also was based on circumstances that take Stanley's convictions "outside the heartland" of cases under the applicable guideline provisions and was justified by the facts of the case. Stanley's offense conduct affected multiple persons other than the identified victims, and his conduct relative to those persons was not adequately accounted for in the advisory guidelines range. Stanley recklessly engaged in high-speed flights from police through school and residential areas, including passing school busses and driving through a school playground. Stanley has a history of similar criminal conduct and has been undeterred from engaging in criminal conduct by probation and imprisonment. See id.

A consecutive sentence of 84 months of imprisonment was statutorily required for Stanley's conviction for brandishing a firearm during and in relation to a crime of violence. The advisory guidelines range for Stanley's other convictions was 262 to 327 months of imprisonment. The degree of the departure and the ultimate sentence are not unreasonable in light of the

seriousness of Stanley's conduct, his past criminal conduct, and the overwhelming indication that he was inclined to return to a similar course of behavior.  See United States v. Ashburn, 38 F.3d 803, 810 (5th Cir. 1994) (en banc).

The judgment of the district court is AFFIRMED.