# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 22, 2008

Charles R. Fulbruge III
Clerk

No. 07-30458
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MICHAEL MARTIN

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:98-CR-260-1

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Michael Martin appeals the 24-month sentence he received upon revocation of his supervised release. He contends that the sentence is unreasonable because it exceeds the recommended guidelines range without legally sufficient reasons and because the district court failed to account for his efforts to become a productive member of society while on supervised release. Martin also suggests that his revocation sentence was incommensurate with his violations of his supervised release conditions, and thus unreasonable.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Because Martin raises these arguments for the first time on appeal, review is for plain error only. See United States v. Peltier, 505 F.3d 389, 391-92 (5th Cir. 2007) (finding that "a defendant's failure to object at sentencing to the reasonableness of his sentence triggers plain error review"). We "may correct the sentencing determination only if (1) there is error (and in light of Booker, an 'unreasonable sentence' equates to a finding of error); (2) it is plain; and (3) it affects substantial rights." Id. at 392. The decision to correct the forfeited error is left to the discretion of the appeals court, and should be exercised only if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. (alteration in original) (internal quotation marks omitted).

The sentence imposed, though in excess of the recommended guidelines range, was within the statutory maximum. See 18 U.S.C. § 3583(e)(3) (providing statutory maximum of 24 months). When sentencing outside the guidelines range, the district court must give consideration to the sentencing factors provided in 18 U.S.C. § 3553(a) in order to justify its departure from the guidelines. See United States v. Smith 440 F.3d 704, 707-08 (5th Cir. 2006). A non-guidelines sentence is unreasonable if it: "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing sentencing factors." Id. at 709. We also note that "[t]he sentencing judge is in a superior position to find facts and judge their import under § 3553(a) in the individual case." Gall v. United States, ___ U.S. ___, 128 S. Ct. 586, 597 (2007).

The district court gave proper consideration to the factors found in § 3553(a), including the nature of Martin's offenses, his history and personal characteristics, the need for the sentence imposed to afford adequate deterrence to Martin, the need for correctional treatment (in this case drug rehabilitation for Martin), and the need to promote respect for the law and protect the public from further crimes. Relying on these considerations, the district court

concluded that sentencing Martin to the statutory maximum was appropriate under the circumstances. The district court did not omit a necessary factor or give weight to an improper factor. Nor does the district court's sentence represent a clear error in judgment in balancing the factors.

The district court did not err in its application of the § 3553(a) factors, and therefore Martin's sentence was reasonable. Martin has not demonstrated that the district court committed error, plain or otherwise, in its determination of his sentence. Therefore, we AFFIRM the sentence imposed by the district court.