**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 30, 2009

Charles R. Fulbruge III
Clerk

No. 07-41249

UNITED STATES OF AMERICA,

Plaintiff – Appellee

v.

PEDRO CALDERON, III,

Defendant – Appellant.

Appeal from the United States District Court
for the Southern District of Texas, McAllen Division
USDC No. 7:06-cr-00233-ALL

Before HIGGINBOTHAM, ELROD, and HAYNES, Circuit judges.

PER CURIAM:[*]

Defendant-Appellant Pedro Calderon, III engaged in lurid conversation with an undercover police investigator in an Internet chat room titled "preteen 567891011," and sent the investigator an image of child pornography depicting a child of at least twelve years of age. Police later found additional child pornography on Calderon's home computer. Calderon pleaded guilty to child pornography possession. During his plea colloquy, Calderon verified the truth of a government statement of facts, to the effect that his computer contained

---

[*] Pursuant to Fifth Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Circuit Rule 47.5.4.

"over ten images of young children engaged in sexually explicit conduct," including "children under 12 years of age." At sentencing, however, Calderon argued that the government only proved he "possessed" the single image sent to the investigator, because police had located the others only in the computer's difficult-to-access "cache" memory, where the computer had saved them as part of its automatic background processes. Calderon therefore objected to enhancements, of two levels each, for possessing 10–149 images of child pornography, U.S.S.G. § 2G2.2(b)(7)(A), and possessing an image of child pornography depicting a child under age twelve, U.S.S.G. § 2G2.2(b)(2). The district court applied both enhancements. Calderon received a 46 month sentence, which he now appeals. We affirm.

This court reviews the district court's interpretation and application of the sentencing guidelines *de novo*, and applies clear error review to findings of fact made in connection with sentencing. *United States v. Smith*, 440 F.3d 704, 706 (5th Cir. 2006). Calderon does not dispute that the district court's decisions to apply upward adjustments under U.S.S.G. § 2G2.2 are subject to clear error review. A factual finding is not clearly erroneous unless the court has a definite and firm conviction that a mistake was made. *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985). A finding cannot be clearly erroneous if it is "plausible in light of the record viewed in its entirety" or constitutes one of multiple "permissible views of the evidence." *Id.* at 574. A district court makes factual findings at sentencing based on a preponderance of the evidence standard. *See United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005).

Calderon argues that the government did not show by a preponderance of the evidence that he possessed ten or more images of child pornography, or that he possessed an image of a child under twelve. He argues that the images found on his computer appeared in cache memory, which he claims he did not know how to directly access. He analogizes his case to *United States v. Kuchinski*, 469

2

F.3d 853 (9th Cir. 2006), where the Ninth Circuit held that evidence of child pornography images in a type of cache memory was inadequate to prove the defendant individually possessed those images. We need not decide whether we agree with the statutory interpretation in *Kuchinski,* or whether the cache memory and other technical facts discussed in that case are analogous to this one, because there is ample evidence in this record to support the district court's determination that Calderon possessed the requisite images. This includes the statement of facts Calderon verified during the plea colloquy, evidence that Calderon has a long-term history with child pornography, Calderon's activity procuring child pornography in the "preteen" chat room, and Calderon's lack of alternate explanations for the presence of the images found on his computer.

During the plea colloquy, Calderon personally verified under oath that the government's statement of facts was true and correct, except as to one ambiguous phrase to which his counsel objected. The statement of facts, with the objected-to language omitted by ellipses, was as follows:

> On July 12th, 2005, in the Southern District of Texas, the Defendant knowingly and intentionally possessed a material, namely a computer hard drive which contained an image of child pornography that had been mailed, shipped and transported in interstate and foreign commerce by any means, including by computer. During an undercover sting operation based out of Dallas, Texas, the Defendant entered into a chat room and corresponded with an undercover officer. The conversation turned sexual in nature involving children. Various Internet correspondence took place between the undercover officer and the Defendant with the Defendant sending a picture of an unknown naked child to the undercover officer. By obtaining information from [America Online], via Grand Jury subpoena, the undercover officer was able to determine the Defendant's address, which resided [sic] in Mission, Texas. A search warrant was obtained and executed for the Defendant's residence in Mission, Texas. Forensics examination of the computer . . . seized revealed over ten images of

young children engaged in sexually explicit conduct.[1] The images included children under 12 years of age. There are known victims in the images. Post-Miranda, the Defendant admitted that he possessed ten to 20 images of naked, young girls on his computer. The use of the Internet through phone lines affected foreign and interstate commerce.

In summary, the verified statement of facts establishes that (1) Calderon is guilty of possessing child pornography, (2) forensic examination of Calderon's computer "revealed over ten images of young children engaged in sexually explicit conduct . . . includ[ing] children under 12 years of age" and (3) "Post-Miranda, the Defendant admitted that he possessed ten to 20 images of naked, young girls on his computer." These admissions are adequate to show that Calderon knowingly possessed ten or more images of child pornography. Calderon quibbles that his admission to possessing images of naked young girls "does not constitute an acknowledgment that the images were of child pornography," because according to a dictionary, "girl" can mean, e.g., "a single or married woman of any age." This argument ignores both the modifier "young" and the context of the statement in a plea admitting guilt to the possession of child pornography.

The verified statement of facts also provides evidence to support the conclusion that Calderon knowingly possessed an image of a child under twelve. The most straightforward interpretation of the statement of facts is that the "ten to 20" images Calderon admits he possessed are the same as the "over ten images of young children . . . includ[ing] children under 12 years of age" discussed two sentences earlier. In any case, this is a plausible interpretation.

---

[1] The complete sentence read: "Forensics examination of the computer and computer disks seized revealed over ten images of young children engaged in sexually explicit conduct." Calderon's objected to the phrase "and computer disks" because it could suggest removable or external disks as opposed to the internal hard drive of the computer. The images at issue were found on the hard drive.

Further evidence supports the district court's conclusions. Calderon told police he had a long history with child pornography, and more specifically that he exchanged images by e-mail on his computer. As to the image of a young child, Calderon was caught exchanging child pornography in a "preteen" chat room. He has not claimed that any image found on his computer got there by a means other than Calderon himself putting it there.[2] The forensic evidence of cache memory contents merely complements all this evidence. Altogether it is "plausible in light of the record viewed in its entirety" that Calderon knowingly possessed more than ten child pornography images, including at least one of a child under twelve.[3]

Accordingly, the district court did not err at sentencing. The sentence is AFFIRMED.

---

[2] Calderon does argue that the government failed to rule out other possible explanations for the existence of child pornography in his computer's cache memory, but he cannot prevail on a sentencing appeal by putting the government to its proof. He pled guilty and admitted the key facts informing his sentence. The sentence stands unless Calderon shows that the district court's findings were clearly erroneous.

[3] All of this evidence supports the district court's ultimate finding that Calderon possessed more than ten images, including an image of a child under twelve. In addition, the district court acknowledged and relied on many of these specific facts, as well as others, in reaching its rulings. It placed particular emphasis on Calderon's admissions under oath in the statement of facts, the "prurient interest" evident in Calderon's on-line conversation with the undercover officer, and the existence, apart from the local police sting that led to this conviction, of FBI investigations identifying Calderon as a recipient of other, similar images. The district court's findings on subsidiary facts are of course entitled to the same deferential review we apply to the ultimate rulings.