# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 10-41070
Summary Calendar

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 29, 2011

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOSE IGNACIO MONTIEL-DOMINGUEZ,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:10-CR-1298-1

Before KING, BARKSDALE, and OWEN, Circuit Judges.

PER CURIAM:[*]

Jose Ignacio Montiel-Dominguez challenges the sentence imposed following his guilty-plea conviction for illegal reentry into the United States. The district court varied upward from the advisory Guidelines sentencing range of zero to six months and sentenced Montiel, *inter alia*, to 24 months' imprisonment—the statutory maximum. As he did in district court, Montiel contends his sentence was procedurally and substantively unreasonable.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-41070

Although, post-*Booker*, the Guidelines are advisory only, and a sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the advisory sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007). In that respect, its application of the Guidelines is reviewed *de novo*; its findings of fact, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005).

In this instance, the advisory sentencing range is not at issue. Accordingly, we consider whether the district court committed, on another basis, any significant procedural error. *Gall*, 552 U.S. at 51. We next "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard". *Id.*

In contending his sentence was procedurally unreasonable, Montiel claims the district court failed to state adequate reasons for a sentence that was both the statutory maximum and substantially above the advisory sentencing range. As noted, Montiel challenged the sentence on this basis in district court; therefore, we review for an abuse of discretion. *See, e.g.*, *United States v. Gomez-Herrera*, 523 F.3d 554, 565 n.6 (5th Cir. 2008). The district court gave a lengthy explanation for the sentence, citing Montiel's numerous encounters with law enforcement, particularly his multiple (more than five) reentries into the United States following deportations, usually within a very short time. (Regarding those encounters, Montiel has been arrested for, *inter alia*, attempted murder, assault, gang assault, robbery, and grand larceny.) The court also cited: Montiel's likelihood of recidivism; and the 18 U.S.C. § 3553(a) sentencing goals of promoting respect for the law, deterring future criminal conduct, and protecting the public. Accordingly, Montiel has not shown that the district court abused its discretion. *See, e.g.*, *id.* at 564-65 & n.6; *United States v. Smith*, 440 F.3d 704, 707-08 (5th Cir. 2006).

No. 10-41070

In contending his sentence was substantively unreasonable, Montiel claims the district court gave insufficient weight to the Guidelines, his work history, his youth, and personal characteristics. The district court acknowledged Montiel's youth and his fluency in English, but found that Montiel's above-discussed lack of respect for the laws of the United States, and the § 3553(a) sentencing factors, necessitated a sentence above the advisory sentencing range. Along that line, there is no indication that the court: failed to "account for a factor that should have received significant weight"; gave "significant weight to an irrelevant or improper factor"; or made "a clear error of judgment in balancing the [18 U.S.C. § 3553(a)] sentencing factors". *See Smith*, 440 F.3d at 708 (citation omitted). Accordingly, Montiel has shown no more than a disagreement with the district court's balancing of the § 3553(a) factors.

AFFIRMED.