# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 11-30004
Summary Calendar

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 22, 2011

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KEITH J. BROUSSARD,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:10-CR-159-1

Before REAVLEY, SMITH and PRADO, Circuit Judges.

PER CURIAM:[*]

Keith J. Broussard was charged with mailing a threatening communication to an employee of the Social Security Administration. Broussard threatened to physically injure and forcibly rape the recipient of the communication. Broussard sought a downward departure to a sentence of probation because he suffers from epileptic seizures and was frustrated because he was not granted disability benefits. At sentencing, the district court noted and rejected the arguments for a downward departure. The district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

considered the factors contained in 18 U.S.C. Section § 3553(a) and the Sentencing Guidelines. After contemplating these factors, the district court choose a non-guidelines sentence, above the recommended range, and sentenced Broussard to serve five years in prison.

On appeal, Broussard does not challenge any procedural aspect of his sentence, but he argues that his sentence is substantively unreasonable considering the § 3553(a) factors and his physical problems. We review sentencing decisions for reasonableness and use the abuse of discretion standard when determining whether a given sentence is in fact reasonable. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). A non-guidelines sentence is unreasonable if "it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).

The district court made no procedural errors and stated permissible reasons for its choice of sentence. *See Smith*, 440 F.3d at 710. Broussard has failed to show that the district court abused its discretion in going above the recommended range and that his sentence is substantively unreasonable.

AFFIRMED.