# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 3, 2011

Lyle W. Cayce
Clerk

No. 11-30281
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JERMAINE RUFFIN,

Defendant-Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:10-CR-62-1

Before SMITH, GARZA, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Jermaine Ruffin was convicted of providing false statements to a firearms dealer. *See* 18 U.S.C. § 922(a)(6). Essentially, Ruffin certified to the dealer that he was purchasing the gun for himself when, in fact, he was purchasing it for Ivan Dyer. After purchasing the gun, Ruffin gave it to Dyer. Ruffin, Dyer, and Thalia Dyer then conspired to rob Ulysses J. Calvey, IV of drugs and money. During the robbery, Ivan Dyer used the gun to kill Calvey. Ruffin was present at the scene of the shooting; he helped Dyer clean up the crime scene and dispose

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of the body. Ruffin was charged in state court with conspiracy to commit simple robbery and being an accessory after the fact to armed robbery and second degree murder. These state charges against Ruffin were later dismissed.

In the instant appeal, Ruffin challenges his 48-month sentence, an upward variance from his guidelines range of 8 to 14 months of imprisonment. He argues that his sentence is substantively unreasonable. We review Ruffin's sentence for reasonableness under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 45-46 (2007).

In sentencing Ruffin, the district court based the variance on the "outrageous conduct" in the commission of the offense (lying to the firearms dealer) and in the *subsequent* offenses (surrounding Calvey's murder). The district court explained that it was the "worst case scenario that Congress must have considered in making it a crime for a person to act as a straw buyer in a firearms transaction." There is no factual basis in the record for Ruffin's argument that the district court "presupposed" his awareness, at the time he purchased the gun, that Dyer would use the gun to commit a violent crime. The district court did not state that it assumed such knowledge on Ruffin's part, and it did not base the variance on this assumption. This argument is without merit.

Ruffin's argument that the district court should have departed upward pursuant to U.S.S.G. § 4A1.3 instead of varying upward is similarly without merit. Section 4A1.3 provides for an upward departure "if reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." § 4A1.3(a)(1). The district court did not rely on Ruffin's prior convictions as a basis for varying upward. In fact, as already noted, it relied specifically on Ruffin's conduct after purchasing the gun. There is no basis in the record for this claim.

Ruffin argues that the district court failed to consider the two and one half years he spent in state custody as an accessory to the Calvey murder. The

No. 11-30281

district court did, however, note that he was initially charged in state court with being an accessory after the fact in the Calvey murder case. Ruffin fails to cite any authority suggesting that the district court was required to consider the time he spent in state custody on the accessory charge. He has not shown that his sentence did not account for this factor and that this factor should have received significant weight. *See United States v. Peltier*, 505 F.3d 389, 392 (5th Cir. 2007).

In all, Ruffin has not shown that his sentence "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *Id.* (internal quotation marks and citation omitted); *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006). Thus, he has not shown that the district court abused its discretion in varying upward. *See Gall*, 552 U.S. at 45-46.

AFFIRMED.