# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 30, 2012

No. 11-20305
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ISIDORO DURAN MIRELES, also known as Isidoro Lolo Duran, also known as
Isidoro Duran-Mireles, also known as Alejandro Mendoza-Duran,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CR-809-1

Before SMITH, BARKSDALE, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Isidoro Duran Mireles was sentenced, *inter alia*, to 42-months'
imprisonment following his guilty-plea conviction for illegal reentry. Duran
Mireles contends the sentence, an upward variance from an advisory Guidelines-
sentencing range of 15 to 21 months, is "greater than necessary" and, thus,
substantively unreasonable. 18 U.S.C. § 3553(a). He maintains the district
court did not give enough weight to: his advisory Guidelines-sentencing range;

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

his reason for reentry (to be with his pregnant wife); and, the inability of someone with his limited mental capacity to be deterred by a long prison sentence.

Where a sentencing ruling is procedurally sound, the "substantive reasonableness" of the sentence is reviewed for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). District courts have a duty to consider the § 3553(a) sentencing factors and to determine correctly the applicable Guidelines-sentencing range. *United States v. Mares*, 402 F.3d 511, 518-19 (5th Cir. 2005). "In reviewing a non-guidelines sentence for substantive unreasonableness, the court will consider the totality of the circumstances, including the extent of any variance from the Guidelines range." *United States v. Key*, 599 F.3d 469, 475 (5th Cir. 2010) (internal quotation marks omitted), *cert. denied*, 131 S. Ct. 997 (2011). A non-Guidelines sentence is substantively unreasonable, and an abuse of discretion, if it: "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors". *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).

The district court took Duran Mireles' above-described contentions into consideration. But, the court stressed Duran Mireles' pattern of recidivism, noting that he had been convicted of illegal reentry in 2002, returned illegally in 2004, was deported again in 2009, and returned illegally again in 2010. The court also noted that, after returning in 2010, Duran Mireles was indicted for possession of 75 pounds of marijuana and possession of a firearm as a felon. And, the court found that Duran Mireles' prior 27-month sentence had been insufficient to deter him from reentering the country illegally.

It is not possible, let alone required, that district courts give all of the sentencing factors equal weight. *United States v. Hernandez*, 633 F.3d 370, 375 (5th Cir.), *cert. denied,* 131 S. Ct. 3006 (2011). The district court was correct to

No. 11-20305

have used its "judgment to weigh the relative importance of each factor in relation to [Duran Mireles]" and did not abuse its discretion by weighing some factors more heavily than others. *Id.*

AFFIRMED.