**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 14, 2012

Lyle W. Cayce
Clerk

No. 11-51093
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE GUSTAVO JAIMES-ARANDA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:11-CR-471-1

Before BENAVIDES, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Jose Gustavo Jaimes-Aranda was convicted of one charge of illegal reentry into the United States and was sentenced to serve 46 months in prison and a three-year term of supervised release. In this appeal, he argues that his sentence, which is above the applicable guidelines range, is substantively unreasonable because it is greater than necessary to advance the goals of 18 U.S.C. § 3553(a). We review this claim for plain error only because it was not raised in the district court. *See United States v. Peltier*, 505 F.3d 389, 391-92

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(5th Cir. 2007).   Although Jaimes-Aranda challenges the application of this standard, this challenge is, as he acknowledges, foreclosed.  *See id.*

In reviewing the substantive reasonableness of a sentence, this court considers "the totality of the circumstances, including the extent of any variance from the Guidelines range" and "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall v. United States*, 552 U.S. 38, 51 (2007).   "A non-Guideline sentence unreasonably fails to reflect the statutory sentencing factors where it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors."   *United States v. McElwee,* 646 F.3d 328, 343 (5th Cir. 2011)  (quoting *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006)) (internal brackets and quotation marks omitted).

Under Jaimes-Aranda's view, his sentence is too harsh because the guidelines calculations took his past misdeeds into account, because his prior convictions are temporally remote, and because a lesser sentence would have served to deter him, protect the public, and provide apt punishment for his illegal reentry offense.  This argument is unavailing because it does not show that the district court failed to consider a factor that should have been substantially weighted, gave undue weight to a trivial or improper factor, or otherwise exercised unsound judgment in picking a sentence for Jaimes-Aranda. *See McElwee,* 646 F.3d at 343.   Indeed, this argument shows no more than Jaimes-Aranda's disagreement with the district court's weighing of the § 3553(a) factors, which does not suffice to meet the plain error standard. *See Gall*, 552 U.S. at 51; *see also Peltier*, 505 F.3d at 391-92.  The judgment of the district court is AFFIRMED.