# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
June 17, 2015

Lyle W. Cayce
Clerk

No. 14-20561
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARIO WALTER REYES, also known as Mario Reyes,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CR-103-1

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Mario Walter Reyes appeals the above-guidelines, 60-month sentence imposed for his illegal reentry conviction. He contends that his sentence is substantively unreasonable and greater than necessary to satisfy the 18 U.S.C. § 3553(a) factors.

We review the substantive reasonableness of a sentence for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). "A non-Guideline

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-20561

sentence unreasonably fails to reflect the statutory sentencing factors where it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).

The district court cited Reyes's two prior illegal reentry convictions and his seven convictions for driving while intoxicated and the fact that his previous sentences had no deterrent effect as necessitating an above-guidelines sentence in order to deter Reyes and protect the public. Reyes's disagreement with the district court's assessment of these factors is not sufficient to show an abuse of discretion. *See Gall*, 552 U.S. at 51. The extent of the variance, 33 months above the upper guidelines range of 27 months, is within the range of variances that we have upheld. *See United States v. McElwee*, 646 F.3d 328, 345 (5th Cir. 2011). Given the deference that is due to a district court's consideration of the § 3553(a) factors, *see Gall*, 552 U.S. at 51, and the district court's legitimate reasons for its sentencing decision, Reyes has not demonstrated that the sentence is substantively unreasonable, *see McElwee*, 646 F.3d at 344-45.

The judgment of the district court is AFFIRMED.