# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-60793
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 13, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DERRICK SANDERS, also known as Tall Guy, also known as Crane,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:14-CR-125-4

Before JONES, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:*

Derrick Sanders appeals the 151-month sentence he received after pleading guilty to conspiracy to possess with the intent to distribute cocaine. He contends that the district court did not understand its authority to impose a non-guidelines sentence. However, the record reflects that the district court was aware of its obligation to consider both the Sentencing Guidelines and the 18 U.S.C. § 3553(a) factors and does not reflect that it misunderstood its

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

authority.   Further, because Sanders did not object to his sentence, he is limited to plain-error review.  *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).  Sanders has shown neither that the district court clearly or obviously erred by misperceiving the extent of its authority to impose a lower sentence nor that, but for such error, it would have done so.  He has therefore not demonstrated plain error.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Rivera*, 784 F.3d 1012, 1018 (5th Cir. 2015).

Sanders also argues that the district court created an unwarranted sentencing disparity when it sentenced him to the same sentence received by one of the two conspiracy ringleaders.   Providing evidence of "average sentences for similarly-situated defendants or a case in which a similarly-situated defendant received a lesser sentence" can help prove a sentencing disparity is unwarranted.  *United States v. Smith*, 440 F.3d 704, 709 (5th Cir. 2006).   However, Sanders has not shown that his sentence creates an unwarranted sentencing disparity between himself and defendants "with similar records who have been found guilty of similar conduct."  § 3553(a)(6).

Sanders has not shown that the district court "did not account for a factor that should have received significant weight, gave significant weight to an irrelevant or improper factor, or exercised clearly erroneous judgment in balancing the sentencing factors."  *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).  Accordingly, the judgment of the district court is **AFFIRMED**.