# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-40118
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 5, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

                              Plaintiff−Appellee,

versus

ADAN HERNANDEZ-NUNEZ,

                              Defendant−Appellant.

Appeal from the United States District Court
for the Southern District of Texas
No. 7:16-CR-1194-1

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

Adan Hernandez-Nunez pleaded guilty of harboring an alien for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40118

financial gain, and he received an above-guidelines sentence of fifty months in prison and three years' supervised release. He contends that his sentence is substantively unreasonable because the district court's decision that an above-guidelines sentence was warranted was grounded in conduct that was already factored into the guidelines calculations.

If the district court has imposed a sentence that deviates from the guidelines range, this court evaluates whether the sentence "unreasonably fails to reflect the statutory sentencing factors" set forth in 18 U.S.C. § 3553(a). *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006). "A non-Guideline sentence unreasonably fails to reflect the statutory sentencing factors where it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *Id.*

The district court gave due consideration to the § 3553(a) factors and committed no error when balancing them. *See id.* Hernandez-Nunez's theory that the court should have balanced the § 3553(a) factors differently "is not a sufficient ground for reversal." *See United States v. Malone*, 828 F.3d 331, 342 (5th Cir.), *cert. denied*, 137 S. Ct. 526 (2016).

AFFIRMED.