# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-60347
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 2, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EFRAIN GARCIA-MONTERROSO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:18-CR-22-1

Before SMITH, WIENER, and WILLETT, Circuit Judges.

PER CURIAM:*

Defendant-Appellant Efrain Garcia-Monterroso appeals the sentence imposed following his conviction for illegal reentry into the United States after a previous removal. The advisory guidelines range for imprisonment was zero to six months and the statutory maximum term was two years. The district court granted the Government's motion for an upward variance and sentenced Garcia-Monterroso to 13 months of imprisonment.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-60347

Generally, we review a criminal sentence for reasonableness. *Gall v. United States*, 552 U.S. 38, 46 (2007). We first determine whether the district court committed any procedural errors, and if the district court's decision is procedurally sound, we will "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard . . . tak[ing] into account the totality of the circumstances." *Id.* at 51.

Garcia-Monterroso argues that the upward variance was procedurally unreasonable because the district court did not adequately explain the extent of and justification for the variance. However, the district court repeatedly cited its consideration of the 18 U.S.C. § 3553(a) factors, including the nature and circumstances of the offense, the need to promote respect for the law, and deterrence. The district court also cited those factors in reference to the particular facts of Garcia-Monterroso's case, notably his repeated removals and reentries into the United States and the fact that he had previously received warnings about returning to the United States. The district court carefully articulated its reasons for imposing an upward variance, so it did not impose a procedurally unreasonable sentence. *See Gall*, 552 U.S. at 46, 51; *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005).

Garcia-Monterroso also contends that the 13-month sentence is substantively unreasonable because it is significantly above the top of the guidelines range. He emphasizes his lack of criminal history and absence of violent or antisocial behavior, and he claims that the district court placed too much weight on his previous removals.

Nothing in the record suggests that the district court did not account for a factor that should have received significant weight, gave significant weight to an improper or irrelevant factor, or made a clear error of judgment in balancing the sentencing factors. *See Gall*, 552 U.S. at 46, 49-50; *United States*

2

No. 18-60347

*v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006). The district court considered the mitigating arguments raised by Garcia-Monterroso, but it concluded that a variance was justified based on his decision to ignore the previous warnings about returning to the United States, the need to deter him from future criminal conduct, and to promote respect for the law. We will not have this court reweigh those factors. *See Gall*, 552 U.S. at 51. We have affirmed similar upward variances as substantively reasonable when the sentence did not exceed the statutory maximum sentence. *See, e.g.*, *United States v. Key*, 599 F.3d 469, 475-76 (5th Cir. 2010); *United States v. Smith*, 417 F.3d 483, 491-92 (5th Cir. 2005).

Given the deference we owe to a district court's consideration of the § 3553(a) factors and the district court's clear reasons for its sentencing decision, Garcia-Monterroso has not demonstrated that the sentence is substantively unreasonable. *See Gall*, 552 U.S. at 51; *Key*, 599 F.3d at 475.

AFFIRMED.