# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
June 24, 2019

Lyle W. Cayce
Clerk

No. 18-11238
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ARTURO EDUARDO DOMINGUEZ-CALDERON,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CR-105-1

Before BENAVIDES, HAYNES, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Arturo Eduardo Dominguez-Calderon pleaded guilty to being an alien who had illegally reentered this country. The district court varied upward from the applicable guidelines sentencing range and sentenced Dominguez-Calderon to 48 months of imprisonment and a one-year term of supervised release. Dominguez-Calderon now appeals his sentence as being substantively unreasonable. He argues that the district court's failure to reduce the extent

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of the upward variance after learning that he had been previously removed once and had voluntarily departed once, rather than being removed on three occasions, constituted a clear error of judgment.

Sentences, whether inside or outside the Guidelines, are reviewed for reasonableness in light of the 18 U.S.C. § 3553(a) factors. *Gall v. United States*, 552 U.S. 38, 51 (2007). A sentence is unreasonable if it "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).

Dominguez-Calderon's request that this court "review whether a defendant can reasonably receive the same upward variance irrespective of the number of prior removals and re-entries" and remand for resentencing does not comport with the case-specific approach to sentencing required by § 3553(a) and essentially asks this court to reweigh the sentencing factors, which this court will not do. *See United States v. McElwee*, 646 F.3d 328, 343-44 (5th Cir. 2011). Because Dominguez-Calderon does not otherwise challenge the upward variance, the judgment of the district court is AFFIRMED.