# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-11209
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 26, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE ELEUTERIO NAVA,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CR-62-1

Before BENAVIDES, GRAVES, and HO, Circuit Judges.

PER CURIAM:[*]

Jose Eleuterio Nava appeals the 36-month sentence imposed following his guilty-plea conviction for unlawful escape from custody in violation of 18 U.S.C. § 751(a). Nava argues that this above-guidelines sentence is substantively unreasonable and, further, that our caselaw declining to re-weigh the statutory sentencing factors conflicts with both the demands of due process and Supreme Court precedent. Because the latter argument is raised

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11209

for the first time in Nava's reply brief, we will not consider it. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).

In reviewing a sentence for substantive reasonableness, we apply an abuse of discretion standard "regardless of whether the sentence imposed is inside or outside the Guidelines range." *United States v. Fraga*, 704 F.3d 432, 437 (5th Cir. 2013) (internal quotation marks, brackets, and citation omitted). A non-guidelines sentence is substantively unreasonable if it fails to reflect the 18 U.S.C. § 3553(a) sentencing factors in that it: "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).

There is no merit to Nava's assertion that the district court failed to account for a significant sentencing factor because it did not consider certain mitigating facts discussed by the defense at sentencing, namely his sympathetic reasons for leaving custody, his good behavior while out of custody, and his lack of violent conduct during the past 12 years. While the district court did not specifically reference these arguments in its reasons, there is no indication in the record that the district court did not consider them. To the contrary, the district court expressly stated at sentencing that it had considered Nava's history and characteristics, the needs for adequate criminal deterrence and the protection of the public from any further crimes by the defendant, and all of the § 3553(a) factors. *See* § 3553(a)(1), (2)(B)-(C).

Neither is there merit to Nava's apparent contention that the district court improperly gave significant weight to an improper factor by considering his offense of unauthorized absence from community corrections, which he committed at age 17. Even if it is assumed arguendo that this was a juvenile

adjudication and that the district court relied on it in sentencing Nava, we have rejected the argument that a non-guidelines sentence based in part on unscored juvenile adjudications took into account an improper sentencing factor. *See Smith*, 440 F.3d at 709.

Finally, Nava has failed to show that his sentence represents a clear error of judgment in balancing the sentencing factors because the extent of the variance was not justified by his criminal history. As we have explained, "a defendant's criminal history is one of the factors that a court may consider in imposing a non-Guideline sentence." *Fraga*, 704 F.3d at 440 (internal quotation marks, brackets, and citation omitted). Where, as here, the defendant has engaged in violent criminal conduct that has gone unscored, a guidelines sentence may underrepresent the seriousness of his criminal history and the likelihood that he will commit other crimes. *See id.* at 441. Nava has failed to overcome the due deference owed to the district court's decision that the extent of the variance is justified by the statutory sentencing factors in this case. *See id.* at 437, 440-41 (upholding upward variance from guidelines maximum of 18 months in prison to 27 months).

In sum, Nava has failed to show that the district court abused its discretion by imposing an above-guidelines sentence of 36 months in prison. *See id.* at 440. Rather, it appears that Nava is merely expressing his disagreement with how the district court weighed the § 3553(a) factors, which "is not a sufficient ground for reversal." *United States v. Malone*, 828 F.3d 331, 342 (5th Cir. 2016).

The judgment of the district court is AFFIRMED.