# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-60243
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 5, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHRISTOPHER YOUNGER,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:18-CR-162-1

Before JONES, CLEMENT, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Christopher Younger appeals his above-guidelines sentence of 120 months of imprisonment for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Younger argues that his sentence is substantively unreasonable because the district court erred in balancing the statutory sentencing factors of 18 U.S.C. § 3553(a).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-60243

We review a preserved challenge to the substantive reasonableness of a sentence under an abuse of discretion standard. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Review for substantive reasonableness is highly deferential. *See United States v. Pillault*, 783 F.3d 282, 288 (5th Cir. 2015).

Younger has not shown that the district court gave improper weight to any factor or committed a clear error of judgment in balancing the pertinent sentencing factors. *See United States v. Diehl*, 775 F.3d 714, 724 (5th Cir. 2015). A district court need not engage in a checklist recitation of the § 3553(a) factors and implicit consideration of those factors generally is sufficient. *See United States v. Kippers*, 685 F.3d 491, 498 (5th Cir. 2012). Here, the district court conducted a lengthy sentencing proceeding and heard much testimony from Younger and his father, but it ultimately focused on Younger's extensive criminal history and his history of recidivism. A defendant's criminal history is a factor a sentencing court may consider in imposing a non-guideline sentence. *See United States v. Smith*, 440 F.3d 704, 709 (5th Cir. 2006). Disagreement with the district court's balancing of the § 3553(a) factors "is not a sufficient ground for reversal." *United States v. Malone*, 828 F.3d 331, 342 (5th Cir. 2016). In light of this deferential standard of review, we conclude that Younger has not shown that the district court abused its discretion.

AFFIRMED.