# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 29, 2021

Lyle W. Cayce
Clerk

No. 20-40396
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Rogelio Jaimes-Denis,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:19-CR-136-1

Before Jolly, Elrod, and Graves, *Circuit Judges*.

Per Curiam:*

Rogelio Jaimes-Denis appeals his 92-month, above-guidelines range sentence for illegal reentry by a deported alien, contending that it is substantively unreasonable because the district court gave insufficient consideration to the advisory guidelines range of 37 to 46 months and clearly

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

erred in balancing the 18 U.S.C. § 3553(a) sentencing factors. Concluding that there was no abuse of discretion, we affirm. *See United States v. Key*, 599 F.3d 469, 475 (5th Cir. 2010).

The record reflects that the district court considered "the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines." § 3553(a)(4)(A); *see generally United States v. Peltier*, 505 F.3d 389, 392 (5th Cir. 2007). However, although "the Guidelines should be the starting point and the initial benchmark" of sentencing, they "are not the only consideration." *Gall v. United States*, 552 U.S. 38, 49 (2007). To that end, the district court cited Jaimes-Denis's extensive criminal history, involving multiple convictions for illegal reentry and driving while intoxicated, as a basis for finding a sentence within the guidelines range inadequate to effectively protect the public and deter Jaimes-Denis from future criminal conduct. *See* § 3553(a)(2)(B)-(C).

Jaimes-Denis fails to show why, in light of the foregoing, we should not "give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall*, 552 U.S. at 51. In addition, his argument that the district court could not predicate its above-guidelines sentence on factors that were used to calculate the guidelines range is foreclosed. *See Key*, 599 F.3d at 475; *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006). Lastly, we reject Jaimes-Denis's conclusory assertion that the district court erred in balancing the § 3553(a) factors. *See United States v. Charles*, 469 F.3d 402, 408 (5th Cir. 2006).

AFFIRMED.