# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 23, 2023

Lyle W. Cayce
Clerk

No. 23-20022
Summary Calendar

─────────────

United States of America,

*Plaintiff—Appellee*,

*versus*

Izaiah Guzman,

*Defendant—Appellant*.

─────────────────────────────

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-CR-102-1

─────────────────────────────

Before Higginbotham, Graves, and Ho, *Circuit Judges*.

Per Curiam:[*]

Izaiah Guzman was convicted of one charge of possession of a machine gun and was sentenced to serve an above-guidelines term of 60 months in prison as well as a three-year term of supervised release. He challenges his prison sentence in this appeal, arguing that it is procedurally and substantively unreasonable.

───────────────────

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-20022

In general, sentences are reviewed for reasonableness by engaging in a bifurcated review. *Gall v. United States*, 552 U.S. 38, 51 (2007). First, this court must ensure that the sentencing court committed no significant procedural error. *Id.* A procedural error occurs when, inter alia, the district court "fail[s] to consider the [18 U.S.C.] § 3553(a) factors," which include the history and characteristics of the defendant. *Id.*; *see* § 3553(a)(1). If the district court's sentencing decision is procedurally sound, this court should then consider the substantive reasonableness of the sentence. *Gall*, 552 U.S. at 51. An above-guidelines sentence, such as Guzman's, is substantively unreasonable if it "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006).

Guzman shows no procedural error in connection with his sentence. *See Gall*, 552 U.S. at 51. Insofar as he argues that the district court failed to consider his history and characteristics, specifically his rough childhood, the record refutes this contention. Likewise unavailing is Guzman's argument that the district court erred by basing his sentence on his criminal history when this factor was already accounted for in the guidelines, as this court has held that a defendant's criminal history, including juvenile offenses, may support a non-Guidelines sentence. *See Smith*, 440 F.3d at 709. Finally, Guzman's argument that his sentence is substantively unreasonable because the district court did not account for certain factors fails because it reflects no more than a disagreement with the district court's weighing of the pertinent factors, which does not suffice to show substantive unreasonableness. *See Smith*, 440 F.3d at 708. The judgment is AFFIRMED.