# United States Court of Appeals
## for the Fifth Circuit

---

No. 23-20415
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

July 15, 2024

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DOMINIQUE ANDREWS,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-CR-316-1

---

Before SMITH, WILLETT, and DUNCAN, *Circuit Judges*.

PER CURIAM:[*]

Dominique Andrews pleaded guilty of interference with commerce by robbery and discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 1951(a) and 924(c)(1)(A)(iii). He was sentenced to an above-guidelines sentence of 180 months for his robbery convictions and a mandatory consecutive term of 120 months for his firearm

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

conviction, for a total of 300 months.

Andrews argues that his sentence is substantively unreasonable. He contends that the district court gave significant weight to an irrelevant or improper factor by overstating his criminal history and that the sentence resulted in an unwarranted disparity in light of the statistical average sentence imposed on similarly situated defendants.

We need not decide whether Andrews's general objection preserved all the specific arguments he makes, as he cannot prevail under the usual abuse-of-discretion standard. *See States v. Holguin-Hernandez*, 955 F.3d 519, 520 n.1 (5th Cir. 2020) (opinion on remand). A district court is required to impose a sentence that is sufficient, but not greater than necessary, to comply with the goals of 18 U.S.C. § 3553(a). *Gall v. United States*, 552 U.S. 38, 50 n.6 (2007). A non-guideline sentence unreasonably fails to reflect the § 3553(a) factors if it does not account for a factor that should have received significant weight, gives significant weight to an irrelevant or improper factor, or represents a clear error of judgment in balancing the factors. *United States v. Diehl*, 775 F.3d 714, 724 (5th Cir. 2015).

The district court properly considered Andrews's criminal history. *See United States v. Smith*, 440 F.3d 704, 709 (5th Cir. 2006). Further, its conclusion that Andrews had a history of violent offenses not fully taken into account by the guideline range was amply supported by the record overall. Andrews also fails to show an unwarranted sentencing disparity with similarly situated defendants, given his criminal history. *See United States v. Waguespack*, 935 F.3d 322, 337 (5th Cir. 2019).

AFFIRMED.