# United States Court of Appeals for the Fifth Circuit

———————

No. 25-20324
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
June 9, 2026

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Ezequiel Duran-Escuadra,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:25-CR-56-1

———————————————————

Before Smith, Higginson, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Ezequiel Duran-Escuadra pleaded guilty to illegal reentry by an unlawful alien with a previous felony conviction, in violation of 8 U.S.C. § 1326, and was sentenced above the applicable guidelines range to 60 months of imprisonment, followed by three years of supervised release. He now appeals, arguing that the district court abused its discretion by imposing

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-20324

a substantively unreasonable upward variance. *See Gall v. United States,* 552 U.S. 38, 51 (2007). Specifically, he contends that the district court improperly relied on uncharged or dismissed criminal conduct and failed to adequately consider his mitigating circumstances.

In light of the record, including Duran-Escuadra's history, Duran-Escuadra fails to demonstrate that the sentence "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006); *see also* 18 U.S.C. § 3553(a). To the extent Duran-Escuadra raises a distinct procedural argument that the court did not give adequate reasons for the variance, he fails to show error given the court's detailed explanation and consideration of the appropriate factors and arguments. *See United States v. Fraga*, 704 F.3d 432, 438–39 (5th Cir. 2013).

AFFIRMED.